509 So.2d 82 (1987)
Sabrina Ann MATTINGLY, Individually and as the Natural Tutrix of Her Minor Child, Matthew T. Landry,
v.
The STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, et al.
No. 86CA0459.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Writ Denied September 25, 1987.
Jerome J. Barbera, III, Thibodaux, for plaintiff-appellee, Sabrina Ann Mattingly.
Michael F. Grennan, Law Office of James J. Morse, New Orleans, for defendant-appellant, State of La., Dept. of Health & Human Resources and Travelers Ins. Co.
Robert D. Morvant, Thibodaux, for third party defendant-appellee, Lillian Truxillo, The Sisters of Mount Carmel, The Archdiocese of New Orleans and U.S. Fidelity & Guar. Co.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
This suit for damages arises out of an automobile accident.

FACTS
On February 20, 1984, plaintiff Sabrina Ann Mattingly was driving a 1978 Toyota south on Audubon Drive near North Acadia Road in Thibodaux, Louisiana. When the *83 Mattingly vehicle entered the intersection of Audubon Drive and North Acadia Road, an automobile driven by Lillian Truxillo (Sister Francesca), owned by the Sisters of Mount Carmel (Mount Carmel), and insured by United States Fidelity and Guaranty Company (USF & G) failed to yield the right of way and collided with the Mattingly vehicle. As a result of this accident, Sabrina Mattingly was seriously injured.
Thereafter, Sabrina Mattingly filed suit individually for her injuries and on behalf of her minor child for loss of consortium against Sister Francesca as driver of the automobile, Mount Carmel as owner of the automobile, the Archdiocese of New Orleans (the Archdiocese) as the insured under the policy covering the automobile, and USF & G as the insurer. Plaintiff also sued the State of Louisiana, through the Department of Health and Human Resources (Department), Sister Francesca's employer and the Travelers Insurance Company (Travelers), the liability insurer of the Department. The Department subsequently filed a third-party demand against Mount Carmel, the Archdiocese, and USF & G, seeking indemnity, defense, and penalties and attorney's fees for failure to defend. Alternatively, the Department sought contribution.
During trial, a compromise agreement on the principal demand was reached between plaintiff and the defendants and among the defendants, whereby plaintiff Sabrina Mattingly received $125,000.00 for her injuries and her minor child received $1,000.00 for loss of consortium. Sister Francesca, Mount Carmel, the Archdiocese, and USF & G contributed one-half of those amounts; the other one-half settlement was contributed by the Department and Travelers. The trial continued as to the issue of liability as between the defendants.
The trial judge rendered judgment in favor of Sister Francesca, Mount Carmel, the Archdiocese, and USF & G and against the Department and Travelers, finding that the Department and Travelers were liable jointly and in solido for the first $100,000.00 paid to plaintiffs in settlement.
From this adverse judgement, the Department and Travelers appeal, assigning the following errors:
1) The trial court erred by finding the Department was not an insured under the USF & G policy;
2) The trial court erred by finding the deductible endorsement to the policy of automobile liability insurance issued by USF & G applied under the facts of this case;
3) The trial court erred by dismissing the demands of the Department for a defense, indemnification penalties and attorney fees;
4) The trial court erred by finding Travelers and the Department liable for the first $100,000.00 of the judgment; and
5) The trial court erred by dismissing the third party demand against Mount Carmel for contribution as among joint tortfeasors.

ASSIGNMENT OF ERROR NO. 5
The Department and Travelers contend that Mount Carmel is liable to them for contribution. They reason that, although Sister Francesca was an employee of the Department and was acting within the course and scope of her employment with the Department at the time of the accident, she was also an employee or servant of Mount Carmel. The Department and Travelers reason that, as such, Mount Carmel is also liable under LSA-C.C. art. 2320.
LSA-C.C. art. 2320 provides:
Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
* * * * * *
In the above cases, responsibility only attaches, when the masters or employers,... might have prevented the act which caused the damage, and have not done it.
The language "in the exercise of the functions in which they are employed" is the codal equivalent of the more common *84 phrase "in the course and scope of employment." Romero v. Hogue, 77 So.2d 74 (La.App. 1st Cir.1954).
In Johnson v. Dufrene, 433 So.2d 1109 (La.App. 4th Cir.1983), the court correctly and succinctly set forth the guidelines to determine whether an employee is within the course and scope of his employment as follows:
The specific inquiry is whether the employee's tortious conduct" was so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest." Daniels v. Conn., 382 So.2d 945 (La.1980); LeBrane v. Lewis, 292 So.2d 216 (La.1974). In those instances where the injury is caused by an employee's negligence while driving a vehicle owned by his employer, our jurisprudence has repeatedly stated that every case must be decided on its own facts. The important considerations which bear on the result are whether the vehicle was being used in such a manner as to benefit the employer, Taylor v. Lumpkin, 391 So.2d 74 (La.App. 4th Cir. 1980); whether the employee was subject to the employer's control at the time of the accident, Keen v. Pel State Oil Co., Inc., 332 So.2d 286 (La.App. 2d Cir.1976); whether the employee's use of the vehicle was authorized by the employer, Harding v. Christiana, 103 So.2d 301 (La.App. Orleans 1958); Futch v. W. Horace Williams Co., 26 So.2d 776 (La. App. 1st Cir.1946); reh. den., 27 So.2d 184; and whether the employee's motive arose from personal objectives or, instead, from his employer's concerns, Keen, supra, Johns v. Hunt Lumber Company, Inc., 250 So.2d 543 (La.App. 2nd Cir.1971). [433 So.2d at 1112]
In the instant case, the evidence demonstrated that although Sister Francesca was a member of the community of Mount Carmel, she was not on an errand for her religious order or the Archdiocese at the time of the accident. Rather, the evidence is clear that Sister Francesca was a classified civil service employee of the Department employed as a nurse at the Thibodaux State School. At the time of the accident, she had left the school to deliver blood samples to the Thibodaux General Hospital and, after delivering the samples, was on her way to the health unit to obtain flu vaccines for students at the school. This errand was in the course and scope of her employment as a nurse for the Department and not as a sister of Mount Carmel or the Archdiocese. While ordinarily a state automobile would have been available for her use to run Department errands, on the day of the accident she was unable to obtain permission and used the automobile owned by Mount Carmel.
Clearly, the trial judge did not err in refusing to find Mount Carmel liable for contribution under LSA-C.C. art. 2320.

ASSIGNMENTS OF ERROR NOS. 1 & 3
The Department and Travelers contend that, under the terms of the USF & G policy, they are insureds. The Department and Travelers reason that as insureds, USF & G had an obligation to provide a defense for them.
In American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969), the court held that an insurer's duty to defend its insured is broader than its liability for damage claims. See also Building Specialities, Incorporated v. State Farm Mutual Automobile Insurance Company, 440 So.2d 984 (La.App. 3rd Cir.1983). The allegations of plaintiff's petition determine the insurer's duty to defend suits brought against its insured. ADA Resources, Inc. v. Don Chamblin & Associates, Inc., 361 So.2d 1339 (La.App. 3rd Cir.1978); Clemmons v. Zurich General Accident and Liability Insurance Company, 230 So.2d 887 (La. App. 1st Cir.1969). The insurer is under an obligation to defend its insured regardless of the outcome of the case if, assuming plaintiff's allegations are true, there is both coverage under the policy and liability to plaintiff. ADA Resources v. Don Chamblin & Associates, Inc., supra. Uneless *85 plaintiff's petition unambiguously excludes coverage, the insurer is under a duty to defend its insured. Thomas v. Appalachian Insurance Company, 335 So.2d 789 (La.App. 1st Cir.1976).
Applying these tests to the instant case, we find that the Department and Travelers were not insureds under the terms of the USF & G policy and that, as such, USF & G did not owe them a duty to defend. The USF & G policy provided that "[w]ith respect to any automobile owned by the Named Insured, hired or borrowed for use by or on behalf of the Named Insured, any person or organization legally responsible for the use thereof is also an Insured...." While the factual allegations of plaintiff's petition establish that Sister Francesca was an insured under the policy, we do not find that the Department or Travelers are insureds. Indeed, the Department and/or Travelers were legally responsible for the acts of their employee during the course and scope of her employment, but not for the automobile which she drove.
These assignments are without merit.

ASSIGNMENTS OF ERROR NOS. 2 & 4
The Department and Travelers further contend that the trial judge erred in finding them liable for the first $100,000.00 of the judgment. They reason that the USF & G policy provides coverage to $20 million for each occurrence and that the $100,000.00 deductible should not apply.
LSA-R.S. 32:861 requires that every motor vehicle registered in Louisiana shall be covered by a liability policy as defined by LSA-R.S. 32:900, by a liability bond, or by a certificate of self-insurance. LSA-R.S. 32:900 provides that the liability policy shall insure the person named in the policy and any other person using the motor vehicle with the permission of the named insured against loss from the liability for damages arising out of the use of that motor vehicle. The policy shall provide coverage subject to limits of $10,000 for bodily injury or death to one person, $20,000 to two or more persons, and $10,000 for damage to property of other persons. LSA-R.S. 32:900 B(2). Other subsections of LSA-R.S. 32:900 strongly suggest that the policy provisions shall not conflict with the statute and that the statute imposes coverage obligations which the policy itself may not have imposed on the insurance carrier.
LSA-R.S. 32:900 F(4) states:
The policy, the written application therefor, if any, and any rider or endorsement which does not conflict with the provisions of the Chapter shall constitute the entire contract between the parties. (Emphasis added)
LSA-R.S. 32:900 H provides:
Any motor vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this Chapter. (Emphasis added)
In Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2nd Cir.1983), writ denied, 440 So.2d 528 (La.1983), the court held that if a policy of liability insurance is written on a Louisiana motor vehicle, the minimum liability coverage is controlled by the statute. Accordingly, the court reformed the liability policy not in compliance with the compulsory law to the extent required by the Compulsory Motor Vehicle Liability Security Law, LSA-R.S. 32:861, 900. See also Clarke v. Progressive American Insurance Company, 469 So.2d 319 (La.App. 2nd Cir.1985).
In the instant case, the USF & G policy was a primary liability insurance policy and provided for bodily injury and property damage liability limits of $20,000,000.00 for each occurrence, subject to a $100,000.00 deductible. The Louisiana Mandatory Insurance laws require that a vehicle must be covered by liability insurance or the owner must be self-insured. LSA-R.S. 32:861. See also Jones v. American Fire-Indemnity Insurance Company, 442 So.2d 772 (La. App. 2nd Cir.1983). There was no proof that the Archdiocese was qualified as a self-insurer under LSA-R.S. 32:1042 et seq. Therefore, the USF & G policy did not *86 comply with LSA-R.S. 32:861 and, absent proof of self-insurance, must be reformed to comply with the mandatory insurance laws and the strong public policy provided therein.
Accordingly, we find that the USF & G policy should be reformed to provide minimum coverage of $10,000 per person required by LSA-R.S. 32:861, 900.

CONCLUSION
For the above reasons, the judgment of the trial court is amended to reflect that the first $10,000.00 of the $126,000.00 is to be paid by USF & G. The next $90,000.00 is to be paid by the Department and Travelers. The remaining $26,000.00 is to be paid by USF & G. In all other respects, the judgment is affirmed. Costs of appeal are to be borne by the Department in the amount of $1,698.40.
AMENDED AND AFFIRMED.