551 So.2d 64 (1989)
Nita M. DIETRICH
v.
TRAVELERS INSURANCE COMPANY and Roy & Kiesel, attorneys at Law.
No. CA880948.
Court of Appeals of Louisiana, First Circuit.
October 11, 1989.
Rehearing Denied November 17, 1989.
*65 Richard L. McGimsey, Baton Rouge, for plaintiff-appellee, Nita M. Dietrich.
A. Clay Pierce, Baton Rouge, for defendant-appellee, Travelers Ins. Co.
Boris F. Navratil, Baton Rouge, for defendants-appellants, Commercial Ins. Co., Kansas City Fire & Marine Ins. Co., and Continental Cas. Co.
Larry M. Rodel, Baton Rouge, for defendants-appellees, Roy and Kiesel, attys. at law.
Daniel R. Atkinson, Baton Rouge, for defendants-appellees, Marilyn Clark and Allstate Ins. Co.
Frank A. Fertitta, Baton Rouge, for defendant-appellee, Vinyl Corp.
W. Shelby McKenzie, Baton Rouge, for defendant-appellee, Gilsbar, Inc.
Kenneth E. Barnette, Baton Rouge, for defendant-appellee, Common Point Restaurant.
Marc W. Judice, Lafayette, for defendants-appellees, Charles Abbound and Nat. Union Ins. Co.
Arthur H. Andrew, Baton Rouge, for defendant-appellee, Cabana Pool Corp.
Taylor Caffery, Baton Rouge, for defendant-appellee, Dept. of Health & Human Resources.
Alston H. Johnson, Baton Rouge, for defendant-appellee, New England Reinsurance Corp.
Before COVINGTON, C.J., and LOTTINGER and CRAIN, J J.
LOTTINGER, Judge.
This appeal arises from a summary judgment granted on the issue of whether a multi-perils insurance policy covered a law firm's failure to enroll one of its employees under group health and disability policies which it had with another insurance company. From a summary judgment granted in favor of defendants/third-party plaintiffs (Travelers Insurance Company and Roy & Kiesel), third-party defendants (Commercial Insurance Company of Newark, New Jersey, Kansas City Fire and Marine Insurance Company, and the Continental Insurance Company) appeal.

FACTS
Plaintiff, Nita M. Dietrich, began working for Roy & Kiesel, attorneys at law, as a legal secretary on May 8, 1984. As an employee of Roy & Kiesel, Ms. Dietrich was to be enrolled in a group health and disability policy issued by Travelers Insurance Company. Ms. Dietrich asserts that this was part of her compensation, whereas Roy & Kiesel assert that the coverage was an optional fringe benefit available to Ms. Dietrich provided that she fill out the necessary enrollment forms. Following an accident on July 12, 1984, it was learned that Ms. Dietrich's name did not appear on the policy. Thereafter, Ms. Dietrich filed numerous suits against a number of defendants, including Roy & Kiesel, alleging the law firm was negligent and had breached its contract in not enrolling her in its health and disability plan. In a fourth amending petition, she also alleged detrimental reliance and that the health and disability plan fell under the scope of the Employee Retirement Income Security Act and thus Travelers and Roy & Kiesel had breached their fiduciary duty in failing to assure that she was enrolled in the plan. Roy & Kiesel impleaded Kansas City Fire and Marine Insurance Company (Kansas City), Commercial Insurance Company of Newark, New Jersey (Commercial), and Continental Insurance Company (Continental), claiming the insurance policies issued to the firm by these insurers protected the firm against Ms. Dietrich's claims. Both the law firm and the insurers filed motions for summary judgment on the issue of coverage.

TRIAL COURT
The trial court granted summary judgment to Roy & Kiesel, requiring the thirdparty defendant insurance companies to *66 provide coverage and to defend the law firm against the suit by Ms. Dietrich.

ASSIGNMENT OF ERROR
Third-party defendants appeal, urging the trial court erred in finding that the comprehensive general liability policies issued by the third-party defendants provided coverage to the Roy & Kiesel law firm, for liability arising from its failure to enroll an employee under the firm's health and disability plan.

I

DUTY TO INSURE
The primary issue in the case before this court is whether the failure of Roy & Kiesel to enroll Ms. Dietrich in their health and disability plan should be considered a breach of contract or an act of negligence. If it is considered a breach of contract, Roy & Kiesel would not be entitled to coverage because of an exclusion in the general liability policy issued by third-party defendants.
The pertinent policy here is the Kansas City policy. The one issued by Commercial had expired prior to the accident. The policy by Kansas City is a $500,000.00 primary policy and the Continental policy is a $1,000,000.00 umbrella policy, the language of which tracks that of the Kansas City policy.
The Kansas City policy provides:
"1. The company will pay on behalf of the insured all which the insured shall become legally obligated to pay as damages because of ...
property damage
to which the insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of insured premises and all operations necessary or incidental to the business of the named insured, conducted at or from the insured's premises...."
Occurrence is defined in the policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."
Property damage is defined as:
"(2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."
Third-party defendants contend that Ms. Dietrich's loss of promised health and disability benefits is a loss of an intangible right, and, thus not within the policy's definition of "property damage." We disagree. "Tangible property" has been equated with "corporeal property" by the Louisiana Supreme Court. City of New Orleans v. Baumer Foods, Inc., 532 So.2d 1381 (La.1988). Although the right to the benefits payable under the health and disability policy may be an intangible right, the actual benefits which would have been payable under the policy had Ms. Dietrich been properly enrolled in and covered by the policy constitute tangible property, i.e. money. Ms. Dietrich, as a result of not being covered by the health and disability policy, has lost the use of this tangible property, the benefits payable under the policy. Thus, coverage exists unless an unambiguous exclusion applies to bar it.
Exclusion (m)(1) of the Kansas City policy provides:
"This insurance does not apply:
* * * * * *
(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from
(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement ..."
This exclusion unambiguously excludes coverage for a loss caused by a breach of contract. Therefore coverage turns on whether the failure to enroll Ms. Dietrich in the health and disability policy was an act of negligence or a breach of contract.
On this point, as we read the record, there are contested issues of material fact. What was the agreement between Dietrich and Roy & Kiesel concerning the health and disability coverage? Was there a binding *67 contract created? Who was responsible for ensuring that Ms. Dietrich filled out the proper forms, etc.? We note that even assuming a valid contractual relationship, liability in tort could nonetheless have been incurred. See Borden, Inc. v. Howard Trucking Company, Inc., 454 So.2d 1081, 1096 (La.1983).
Therefore, summary judgment on the issue of coverage was improper. We must remand this case to the trial court for a determination of whether the loss was caused by the breach of contractual or delictual obligation.

II

DUTY TO DEFEND
The issue of whether Kansas City/Continental must defend Roy & Kiesel against the suit by Ms. Dietrich, resolved in Roy & Kiesel's favor by the trial court, is not properly before us. We can only grant relief on issues which have been appealed. Appellants have not listed as a specification of error the trial judge's ruling that they must provide a defense to Roy & Kiesel. However, even had they done so, we are of the opinion that this issue was properly resolved by the trial court.
An insurer is obligated to defend its insured regardless of the outcome of the case if, assuming that the plaintiff's allegations are true, there is both coverage under the policy and liability to the plaintiff. Unless plaintiff's petition unambiguously excludes coverage, the insurer is under a duty to defend its insured. Mattingly v. State, Department of Health and Human Resources, 509 So.2d 82, 84-85 (La.App. 1st Cir.), writ denied, 512 So.2d 461 (La.1987), citing, American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (La. 1969).
In the case at hand the plaintiff, in her petition, alleged negligence on the part of Roy & Kiesel as an alternative ground of recovery. Taking this as true, there would be both coverage under the policy and liability to the plaintiff; thus, Roy & Kiesel is entitled to a defense from Kansas City/Continental.
Accordingly, for the above reasons, the decision of the district court is reversed and remanded for further proceedings not inconsistent with this opinion on the issue of coverage, and affirmed as to the issue of the duty to defend. Each party to bear his own costs of this appeal.
REVERSED AND REMANDED IN PART AND AFFIRMED IN PART.