STOKER, Judge.
In these consolidated cases, the narrow issue presented on appeal is whether the third party defendant, Valley Forge Insurance Company (Valley Forge), has a duty to defend the defendant and third party plaintiff, Ronald Lauland (Lauland), in a suit for damages arising out of alleged defamatory statements made by the defendant and numerous other defendants. Valley Forge is the homeowner’s insurer of Lauland. It denied coverage and based its defense upon certain policy provisions excluding personal liability coverage for the business pursuits of its insured.
The alleged defamatory statements were made in the course of an alleged attempt by the defendant, Errol “Romo” Romero (Romero), the Iberia Parish Sheriff, and the Iran Alexander family to secure the release of convicted felon, David Lynn “Cool Bro” Alexander, from the State Penitentiary at Angola where he is serving a life sentence for his crimes.
Lauland was named as a defendant in the original petition filed by James Desor-meaux and in the fourth supplemental and amended petition filed by plaintiffs, Rev. Eddie Moore, Mary Mallery, Horace Co-meaux and Gerard H. Wattigny. Lauland subsequently filed a third party demand against Valley Forge after it denied coverage. Both Lauland and Valley Forge filed motions for summary judgment on the issue of the insurer’s duty to provide a defense. The trial court initially granted judgment in favor of Lauland finding a duty to defend by Valley Forge, but upon motion for a new trial filed by Valley Forge, the trial court found no duty to defend and dismissed Lauland’s claims against Valley Forge. Lauland has appealed.
The homeowner’s policy issued by Valley Forge to Lauland provides personal liability coverage, by endorsement, for personal injury arising out of libel, slander or defamation of character. However, this coverage does not apply to any business pursuits of an insured. Business, as defined by the policy, includes a trade, profession or occupation.
In determining whether an insurer has a duty to provide a defense, the court must look to the allegations of the injured plaintiff’s petition and assume those allegations to be true. Unless the allegations of the petition unambiguously exclude coverage, the insurer is obligated to furnish a defense regardless of the outcome of the suit. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969). In determining the appropriateness of a summary judgment, this court will ordinarily review the pleadings, depositions, answers to interrogatories, admissions on file and affidavits in the record. LSA-C.C.P. art. 966. However, in deciding the issue of an insurer’s duty to defend, which is broader than its liability for damage claims, we look only to the allegations of the plaintiffs’ petitions to determine whether coverage is unambiguously excluded without regard to other matters contained in the record. Id.; Mattingly v. State, Dept. of Health and Human Resources, 509 So.2d 82 (La.App. 1st Cir.1987), writ denied, 512 So.2d 461 (La.1987).
Plaintiffs, Moore, Mallery, Comeaux and Wattigny, in their original petition, alleged *660 that a private investigator, hired by Iran Alexander, participated with defendant, Romero, in attempting to obtain the release of David Lynn Alexander from Angola. They further alleged that this private investigator from New Orleans was made a deputy sheriff by Romero and that other deputies were assigned to drive him around and assist him in his investigation. Lau-land was subsequently named as a defendant and certain alleged defamatory statements attributed to him were detailed in plaintiffs’ fourth supplemental and amended petition. Plaintiffs also alleged that public funds were used to pay Lauland’s expenses in the course of his investigative work for Iran Alexander.
Plaintiff, Desormeaux, incorporated the allegations of the petition of those plaintiffs and made additional allegations concerning Lauland’s involvement with Romero and other defendants in the course of his employment by Iran Alexander as a private investigator and in conjunction with investigative activities undertaken for the sheriff’s office. The pertinent allegations of plaintiffs’ petitions are attached hereto as APPENDIX A.
Assuming as true that Lauland, a private investigator, while in the employ of the family of David Lynn Alexander for the purpose of conducting an investigation into an alleged frame of Alexander on the charges for which he was convicted, participated with other individuals in an attempt to secure Alexander’s release from prison and in so doing defamed the plaintiffs, do these allegations unambiguously exclude coverage under the homeowner’s policy issued to Lauland by Valley Forge? We find that they do, and we conclude that there is no clear error in the judgment of the trial court finding no duty to furnish a defense to defendant, Lauland, under the terms and conditions of the policy of homeowner’s insurance issued by Valley Forge.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Ronald Lauland.
AFFIRMED.
APPENDIX A
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA STATE OF LOUISIANA
James T. Desormeaux vs. Errol “Romo” Romero, Individually and as Sheriff of Iberia Parish, Kerry Davis, Louisiana Insurance Guaranty Association, Southern American Insurance Company, WWLTV Channel Four, KATC-Channel 3 TV, William S. Elder, Jr., Malcolm Roy, Herbert Derouen, John Nelson Collins, Sr., Ronald Miller, Mary Marie Arceneaux and Ronald Lauland
Docket Number: 62232-F
* * * * * *
(SUIT FOR DEFAMATION OF CHARACTER)
ORIGINAL PETITION
The petition of James T. Desormeaux, domiciled and residing in the Parish of Iberia, State of Louisiana, complaining of Errol “Romo” Romero, domiciled and residing in the Parish of Iberia, sued herein individually and as Sheriff of Iberia Parish, Kerry Davis, domiciled in the Parish of Iberia, State of Louisiana, Louisiana Insurance Guaranty Association, a non-profit unincorporated legal entity created in accordance with the provisions of Louisiana Revised Statutes 22:1375-1394 and domiciled in the Parish of East Baton Rouge, Louisiana, Southern American Insurance Company, a foreign insurer authorized to do and doing business in the State of Louisiana and Parish of Iberia, WWLTV Channel 4, a Louisiana corporation having its principal office and domicile in the Parish of Orleans, Louisiana, KATC-Channel 3 TV, a Louisiana corporation having its principal office and domicile in the Parish of Lafayette, Louisiana, William S. Elder, Jr., domiciled in the Parish of Orleans, State of Louisiana, Malcolm Roy, domiciled in the Parish of Iberia, State of Louisiana, Herbert Derouen, domiciled in the Parish of Iberia, State of Louisiana, John Nelson Collins, Sr., domiciled in *661 the Parish of Iberia, State of Louisiana, Ronald Miller, domiciled in the Parish of Iberia, State of Louisiana, Mary Marie Ar-ceneaux, domiciled and residing in St. Gabriel, Louisiana and Ronald Lauland, domiciled in the Parish of Jefferson, State of Louisiana respectfully represent that:
11.
Petitioner further alleges that participating with Errol “Romo” Romero in attempting to obtain the release of David Lynn “Cool Bro” Alexander from the State Penitentiary at Angola has been a private investigator, who upon information and belief, has been employed by Iran Alexander, the father of David Lynn “Cool Bro” Alexander.
18.
Petitioner further alleges upon information and belief that a private investigator from New Orleans has been made a deputy sheriff by Errol “Romo” Romero to participate with the said Errol “Romo” Romero, Sheriff in confecting the course of conduct described to get David Lynn “Cool Bro” Alexander out of the Louisiana State Penitentiary.
19.
Petitioner further alleges that Errol “Romo” Romero has personally assigned to various deputies in the Iberia Parish Sheriffs Department throughout the last years and continuing to the present time, the duties as deputy sheriffs of investigating petitioner herein and others and in attempting to obtain statements implicating him and others in an alleged frame up of David Lynn “Cool Bro” Alexander and in participation in the armed robbery and murder at the Hasty Mart in 1976. These activities have included deputies’ trips to Angola to visit with David Lynn “Cool Bro” Alexander and attempts to help him. Deputies driving around the private investigator and deputies assisting the private investigator.
30.
Petitioner further alleges that in furtherance of his efforts defendant, Errol “Romo” Romero and deputy sheriffs of his office upon information and belief have been sharing investigation information with the investigator of Iran Alexander. In fact, that the investigator has participated in some of the interrogations conducted by Errol “Romo” Romero, Sheriff and his deputies with reference to these matters, and the investigator has been made a deputy sheriff even though he lives in New Orleans, Louisiana.
40.
Petitioner further alleges that in furtherance of his efforts, Errol “Romo” Romero and Chief Criminal Deputy Sheriff, Kerry Davis, negligently, wrecklessly and wantonly failed to properly and sufficiently investigate the reopening of the David Lynn “Cool Bro” Alexander Case in the following non-exclusive respects, to-wit:
A. In allowing one, Ronald Lauland, a private investigator hired by the father of the convicted robber, David Lynn “Cool Bro” Alexander to perform 98% of the investigation in order to reopen the case;
B. In accepting the investigation of Ronald Lauland, hired by the convicted defendant, David Lynn “Cool Bro” Alexander, without an independent investigation by Errol “Romo” Romero and/or Kerry Davis of other members of the Iberia Parish Sheriffs Department;
C. In accepting the investigation of Ronald Lauland without an independent investigation by Sheriff Romero and Kerry Davis knowing that Ronald Lauland was not independent in his investigations since he was employed by the Alexander family.
N. In basing their conclusions herein partly upon the voice stress tests performed on recanting witnesses, Mary Arceneaux, John Nelson Collins and Ronald Miller (all of whom have previously, under oath, admitted their participation in the crime) when, in fact, Errol “Romo” Romero *662 and Kerry Davis know of their own knowledge and experience that these stress tests are not reliable in that they have had Ronald Lauland conduct these stress tests to locate missing money in the Iberia Parish Sheriffs Office and have not been able to determine the person who committed the crime from these stress tests.
APPENDIX A — Continued
O. In defendants knowing through their experience that the stress tests conducted by Ronald Lauland cannot be relied upon in that they are not admissible in Court, and further, in knowing that his tests conducted on Iberia Parish Sheriffs deputies cannot reveal who stole money fifty feet away from Sheriff Errol “Romo” Romero’s desk and therefore, are not reliable tests.
P. In relying upon the stress tests of Ronald Lauland to allegedly believe these witnesses when knowing of their knowledge that the same stress tests by Ronald Lauland are not able to determine for them the person who committed the theft or narcotics funds in the Iberia Parish Sheriffs Office.
Sjc ⅜ Sfc ⅝ 5¡C ⅜
T. In undertaking the actions specified in the above sub-sections of this paragraph knowing that the stress tests taken by Ronald Lauland of the recanting witnesses in this matter were not independent in that they were taken at the residence of the parents of David Lynn “Cool Bro” Alexander thus having the pressure and influence of the Alexanders on these recanting witness at the time of their stress tests.
* sfc * * * *
V. In an attempt to publicize the defamation and to embarrass, humiliate and defame your your petitioner and others herein; defendants allowed “60 Minutes”, Ronald Lauland and unknown other news media to use the Iberia Parish Sheriffs Office in order to prepare video tapes and news programs which would have and did defame, humiliate, embarras and degrade your petitioners and others herein.
61.
Petitioner further alleges that in addition to the above, William S. Elder, Jr., Ronald Lauland, Sheriff Errol “Romo” Romero and Captain Kerry Davis of the Iberia Parish Sheriffs Office entered into an agreement and conspiracy to interview the District Attorney and Assistant District Attorney of Iberia Parish and to have William S. Elder, Jr. completely disregard all of the information and evidence presented by the Assistant District Attorney and the District Attorney in order that they might promote and could promote their version of the story making it sensational and news attractive but agreeing to completely ignore relevant facts, information and evidence presented by the District Attorney and Assistant District Attorney and contained in the out-takes taken by William S. Elder, Jr. The said William S. Elder, Jr., as a result of this conspiracy completely and arbitrarily and wrecklessly ignored relevant facts, evidence and information contrary to the story he broadcasted in his investigative report.
69.
Petitioner further alleges that defendant herein, Ronald Lauland made the following defamatory statements concerning your petitioner and others herein, those statements being false and being made with malice and with wreckless disregard of the truth and they are the following:
A. A bum wrap for Alexander and Granger caused by incompetent law enforcement men (inferring your plaintiff), district attorneys and judges (inferring the whole law-enforcement and judicial branches of the Iberia Parish system were corrupt).
B. Plaintiff and others used their position to put innocent people in jail;
C. Plaintiff and others and the District Attorney’s actions in this case were *663 flagrant — inferring intentional corrupt;
D. The evidence he was turning up was scandalous to the old Sheriff and the District Attorney;
E. The District Attorney and the old Sheriffs Office are putting up road blocks to him, implying the guilt of plaintiff herein and of the District Attorney;
F. Implying HORACE COMEAUX planted the murder weapon and that he owned and controlled the murder weapon;
G. Lied when he said that Knowles Tucker paid Mary Arceneaux Three Hundred Twenty and 00/100 ($320.00) in twenty dollar bills to buy her testimony, implying that plaintiff and others were involved in a bribe of Mary Arceneaux with the District Attorney;
H. Inferring that plaintiff and others bought the testimony of Mary Ar-ceneaux;
I. The whole case of plaintiff and other against Alexander was based on Mary Arceneaux’s fabrication of a lie to buy her freedom.
70.
Petitioner further alleges that defendant, Ronald Lauland, made the above statements based on information supplied to him by Mary Arceneaux whom he asserts as a pathological liar, but then upon whose quotations, he then proceeds to defame your plaintiff.
71.
Plaintiff further alleges that in addition to the above, Ronald Lauland has conspired with the other defendants herein to defame petitioner by blaming him and others for an illegal and frame-up conviction of Alexander and Granger and by obtaining and supplying information and statements which were not true in support thereof.
72.
Petitioner further alleges that all of the above by Ronald Lauland was a cause in fact of the damages sustained by plaintiff herein rendereing Ronald Lauland liable and solido with the other defendants herein to plaintiff for the damages suffered by him.
73.
Petitioner further alleges that defendant, Sheriff Errol “Romo” Romero and Captain Kerry Davis have contributed to and supported the conspiracy herein by themselves and the remaining defendants herein by using Iberia Parish public funds of the Sheriffs Office to pay for expenses of Ronald Lauland, the private investigator hired by the Alexander family. These expenses were paid for with Iberia Parish public funds and incurred by Ronald Lauland for his hotel and meals while he working exclusively for a private individual, Mr. Iran Alexander, Sr. and was not a deputy sheriff of Iberia Parish or employed by or working for or commissioned by the Sheriffs Office of Iberia Parish.
74.
Petitioner further alleges and specifically that Sheriff Errol “Romo” Romero has paid and authorized the payment from Iberia Parish public funds for the following motel expenses of Ronald Lauland while he was engaged and working solely as a private investigator for Iran Alexander, Sr. as follows, to-wit:
A. Holiday Inn of New Iberia on September 17, 1985 through September 20, 1985 totalling $68.57;
B. Holiday Inn of New Iberia for Ronald Lauland on October 4, 1985 total-ling $193.77;
C. Holiday Inn of New Iberia for Ronald Lauland on October 10, 1985 to-talling $43.24;
D. Holiday Inn of New Iberia for Ronald Lauland for October 6-18, 1985 totalling $101.68;
E. Holiday Inn of New Iberia for Ronald Lauland for October 23-24, 1985 totalling $63.31;
F. Best Western of New Iberia for Ronald Lauland for November 15, 1985 *664 through November 16, 1985 totalling $114.41.
TOTAL EXPENDITURES $584.98
74.
Petitioner further alleges that in addition to the above Captain Kerry Davis has charged the following meals for himself and Ronald Lauland which have been paid by the public funds of the Iberia Parish Sheriffs Office and which have covered meals for Ronald Lauland while employed as a private investigator for Iran Alexander, Sr. as follows, to-wit:
A. September 6, 1985, Holiday Inn Restaurant, $13.86;
B. September 6, 1985, Holiday Inn Restaurant, $18.84;
C. September 15, 1985, Holiday Inn Restaurant, $27.89;
D. September 18, 1985, Dels Restaurant, $23.68;
E. September 18, 1985, Patoufs Restaurant, $59.98;
F. October 1, 1985, Patoufs Restaurant, $58.24;
G. October 17, 1985, Patoufs Restaurant, $43.67;
H. November 5, 1985, Del’s Restaurant, $51.23;
I. January 8, 1986, Del’s Restaurant, $41.10;
J. December 23, 1985, Patoufs Restaurant, $158.07.
16TH JUDICIAL DISTRICT COURT
PARISH OF IBERIA
STATE OF LOUISIANA
Reverand Eddie S. Moore, Mary Mallery, Horace Comeaux and Gerard H. Wattigny
vs.
Errol “Romo” Romero, Individually and as Sheriff of Iberia Parish
No. 59400-E PETITION
The petition of REVERAND EDDIE S. MOORE, a competent major and resident of Iberia Parish, MARY MALLERY, a competent major and resident of Iberia Parish, HORACE COMEAUX, a competent major and resident of Iberia Parish and GERARD H. WATTIGNY, a competent major and resident of Iberia Parish, with respect, represents:
5.
Participating with ERROL “ROMO” ROMERO in attempting to obtain the release of DAVID LYNN “COOL BRO” ALEXANDER from the State Penitentiary at Angola has been a private investigator who, upon information and belief, has been employed by Iran Alexander, the father of DAVID LYNN “COOL BRO” ALEXANDER.
12.
Upon information and belief, it is asserted that the private investigator from New Orleans has been made a deputy sheriff by ERROL “ROMO” ROMERO to participate with the said ERROL “ROMO” ROMERO, Sheriff, in confecting the course of conduct described to get DAVID LYNN “COOL BRO” ALEXANDER out of the Louisiana State Penitentiary.
13.
The said ERROL “ROMO” ROMERO has personally assigned to various deputies in the Iberia Parish Sheriff’s Department through out the last years and continuing to the persent time, the duties as Deputy Sheriffs of investigating REVERAND EDDIE S. MOORE, MARY MALLERY, HORACE COMEAUX and GERARD H. WAT-TIGNY and in attempting to obtain statements implicating them in an alleged frameup of DAVID LYNN “COOL BRO” ALEXANDER and in participation in the armed robbery and murder at the Hasty Mart in 1976. These activities have included deputies’ trips to Angola to visit with DAVID LYNN “COOL BRO” ALEXANDER and attempt to help him. Deputies *665 driving around the private investigator and deputies assisting the private investigator.
16.
In pursuit of the hereinabove alleged activities defendant either himself or through deputies of the Iberia Parish Sheriffs Office or through the private detective who was made deputy has committed among other things, the following for which petitioners seek relief herein, to wit:
24.
To show the participation of the investigator upon information and belief, it is asserted that ERROL “ROMO” ROMERO and Deputy Sheriffs of his office have been sharing investigation information with the investigator and in fact, that the investigator has participated in some of the interrogations conducted by ERROL “ROMO” ROMERO, Sheriff and his deputies with reference to these matters, and the investigator has been made a deputy sheriff even though he lives in New Orleans.
16TH JUDICIAL DISTRICT COURT
PARISH OF IBERIA
STATE OF LOUISIANA
Reverend Eddie S. Moore, Mary Mallery, Horace Comeaux and Gerard H. Wattigny
versus
Errol “Romo” Romero, Individually and as Sheriff of Iberia Parish
No. 59400-E
FOURTH SUPPLEMENTAL AND AMENDED PETITION
NOW INTO COURT through undersigned counsel comes REVEREND EDDIE S. MOORE, MARY MALLERY, HORACE COMEAUX and GERARD H. WATTIGNY,' plaintiffs herein, who desire to supplement and amend their original petition filed herein and their first, second and third supplemental and amended petitions filed herein by adding hereto the following paragraphs, to wit:
60.
Made additional defendants herein are the following:
(1) WWL TV Channel 4, New Orleans, Louisiana, a Louisiana corporation having its principal office at 1024 North Rampart Street, New Orleans, Louisiana;
(2) KATC Channel 3 TV, Lafayette, Louisiana a Louisiana corporation having it principal office at 1103 Eraste Landry Road, Lafayette, Louisiana,
(3) William S. Elder, Jr., a competent major domiciled at 3609 Inwood Avenue, New Orleans, Louisiana;
(4) Malcolm Roy, a competent major and resident of New Iberia, Louisiana;
(5) Herbert Derouen, a competent major and resident of New Iberia, Louisiana;
(6) John Nelson Collins, Sr., a competent major and resident of Iberia Parish, Louisiana;
(7) Ronald Miller, a competent major and resident of Iberia Parish, Louisiana;
(8) Mary Marie Arceneaux, a competent major and believed to be a resident of St. Gabriel, Louisiana;
(9) Ronald Lauland, a competent major and resident of Metairie, Louisiana.
68.
In addition to the above, William S. Elder, Jr., Ronald Lauland, SHERIFF ERROL “ROMO” ROMERO and Captain Kerry Davis of the Iberia Parish Sheriffs Office entered into an agreement and conspiracy to interview the District Attorney and Assistant District'Attorney of Iberia Parish and to have William S. Elder, Jr. completely disregard all of the information and evidence presented by the Assistant District Attorney and the District Attorney in order that they might promote and could promote their version of the story making it sensational and news attractive but agreeing to completely ignore relevant facts, information and evidence presented by the District Attorney and Assistant District Attorney *666 and contained in the out-takes taken by William S. Elder, Jr. The said William S. Elder, Jr., as a result of this conspiracy completely and arbitrarily and recklessly ignored relevant facts, evidence and information contrary to the story he broadcast-ed in his investigative report.
APPENDIX A — Continued
76.
Defendant herein, Ronald Lauland made the following defamatory statements concerning your petitioners herein, those statements being false, and being made with malice and with reckless disregard of the truth and they are the following:
(a) A bum wrap for Alexander and Gran-ger caused by incompetent law enforcement men (inferring your plaintiffs), district attorneys and judges (inferring the whole law-enforcement and judicial branches of the Iberia Parish system were corrupt).
(b) Plaintiffs used their position to put innocent people in jail.
(c) Plaintiffs and the District Attorney’s actions in this case were flagrant — inferring intentional corruption.
(d) The evidence he was turning up was scandalous to the old Sheriff and the District Attorney.
(e) The District Attorney and the old Sheriffs Office are putting up road blocks to him, implying the guilt of plaintiffs herein and of the District Attorney.
(f) Implying HORACE COMEAUX planted the murder weapon and that he owned and controlled the murder weapon.
(g) Lied when he said that Knowles Tucker paid Mary Arceneaux Three Hundred Twenty and 00/100 ($320.00) in twenty dollar bills to buy her testimony, implying that plaintiffs were involved in a bribe of Mary Arceneaux with the District Attorney.
(h) Inferring that plaintiffs bought the testimony of Mary Arceneaux.
(i)The whole case of plaintiffs’ against Alexander was based on Mary Arcen-eaux’s fabrication of a lie to buy her freedom.
77.
Ronald Lauland made the above statements based on information supplied to him by Mary Arceneaux whom he asserts is a pathological liar but then upon whose quotations he then proceeds to defame your plaintiffs.
78.
In addition to the above, Ronald Lauland has conspired with the remaining defendants herein to defame petitioners herein by blaming them for an illegal and frame-up conviction of Alexander and Granger and by obtaining and supplying information and statements which were not true in support thereof.
79.
All of the above by Ronald Lauland was a cause in fact of the damages sustained by plaintiffs herein rendering Ronald Lauland liable in solido with the remaining defendants herein to plaintiffs for the damages more particularly set forth by them in their original, first, second, and third supplemental and amended petitions.
80.
Defendant, SHERIFF ERROL “ROMO” ROMERO and Captain Kerry Davis have contributed to and supported the conspiracy herein by themselves and the remaining defendants herein by using Iberia Parish Public Funds of the Sheriffs Office to pay for expenses of Ronald Lauland, the private investigator hired by the Alexander family. These expenses were paid for with Iberia Parish Public Funds and incurred by Ronald Lauland for his motel and meals while he was working exclusively for a private individual, Mr. Iran Alexander, Sr. and was not a deputy sheriff of Iberia Parish or employed by or working for or commissioned by the Sheriff’s Office of Iberia Parish.
81.
Specifically, SHERIFF “ROMO” ROMERO has paid and authorized a payment *667 from Iberia Parish Public Funds for the following motel expenses of Ronald Lau-land while he was engaged in working solely as a private investigator for Iran Alexander, Sr. as follows to-wit:
(a) Holiday Inn of New Iberia on September 17, 1985 through September 20, 1985 totalling $68.57.
(b) Holiday Inn of New Iberia for Ronald Lauland on October 4, 1985 totalling $193.77.
(c) Holiday Inn of New Iberia for Ronald Lauland on October 10, 1985 totalling $43.24.
(d) Holiday Inn of New Iberia for Ronald Lauland for October 16-18, 1985 to-talling $101.68.
(e) Holiday Inn of New Iberia for Ronald Lauland for October 23-24, 1985 to-talling $63.31.
(f) Best Western of New Iberia for Ronald Lauland for November 15, 1985 through November 16, 1985 totalling $114.41.
TOTAL EXPENDITURES $584.98
82.
In addition to the above, Captain Kerry Davis has charged the following meals for himself and Ronald Lauland which have been paid by the Public Funds of the Iberia Parish Sheriffs Office and which have covered meals for Ronald Lauland while employed as a private investigator for Iran Alexander, to-wit:
(a) September 6, 1985, Holiday Inn Restaurant $13.86.
(b) September 6, 1985, Holiday Inn Restaurant $18.84.
(c) September 6, 1985, Holiday Inn Restaurant $27.89.
(d) September 18, 1985, Dels Restaurant $23.68.
(e) September 18, 1985, Patoufs Restaurant $59.98.
(f) October 1, 1985, Patoufs Restaurant $58.24.
(g) October 17, 1985, Patoufs Restaurant $43.67.
(h) November 5, 1985, Del’s Restaurant $51.23.
(i) January 8, 1986, Del’s Restaurant $41.10.
(j) December 23, 1985, Patoufs Restaurant $158.07.
TOTAL $496.56