572 So.2d 206 (1990)
LEON LOWE & SONS, INC.
v.
GREAT AMERICAN SURPLUS LINES INSURANCE COMPANY, et al.
No. CA 89 1512.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
*207 Tom Thornhill, Slidell, for plaintiff-appellee.
Robert Killeen, Jr., New Orleans, for defendants Great American Surplus Lines Ins. Co.appellee and the Hartford Acc. & Indem. Co.appellant.
Before COVINGTON, C.J., LANIER, J., and VIAL LEMMON[*], J. Pro. Tem.
LANIER, Judge.
This action is a suit in contract by an insured against two insurers seeking damages for breach of the insurers' obligations to defend under their insurance contracts. Suit was filed by Leon Lowe & Sons, Inc. (Lowe), the insured, against Great American Surplus Lines Insurance Company (Great American) and Hartford Accident and Indemnity Company (Hartford).[1] All of the parties filed motions for summary judgment on the issue of whether Great American and Hartford had obligations to defend Lowe in a tort suit entitled Timothy Marshall and Gail Marshall v. Leon Lowe & Sons, Inc.[2] After a hearing, the trial court found that Hartford had an obligation to defend Lowe in the tort suit and breached this obligation.[3] Lowe then filed a motion to fix an attorney fee. After a hearing, the trial court rendered judgment against Hartford awarding Lowe $12,060.25.
Hartford took this suspensive appeal.[4]

FACTS
On January 1, 1985, Hartford issued a worker's compensation and liability insurance policy to Lowe. The policy provided $100,000 of liability coverage for bodily injury for each accident.
On September 13, 1985, Timothy Marshall, an employee of Lowe, was involved in a physical altercation with Michael Jenkins, a co-employee. During the altercation, Jenkins struck Marshall with a stick inflicting serious physical injuries.
On September 9, 1986, Marshall and his wife filed a suit in connection with the above described incident against Lowe and Jenkins.[5]
Hartford paid worker's compensation benefits to Marshall pursuant to the worker's compensation provisions of its policy but denied coverage under the liability provisions of the policy.
On September 30, 1987, Lowe filed this action against Great American and Hartford contending they were obligated to defend and indemnify Lowe from the Marshalls' suit.

COVERAGE AND THE OBLIGATION TO DEFEND

(Assignment of error number 1)
Hartford contends the trial court erred in holding that its worker's compensation and *208 liability insurance policy did not unambiguously exclude coverage as alleged in the Marshalls' original and amending petitions against Lowe and that it had breached its obligation to defend Lowe in the Marshalls' suit.
The pertinent portions of the Hartford policy provide as follows:
We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance....
We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.
. . . . .
PART TWO-EMPLOYERS LIABILITY INSURANCE
A. How This Insurance Applies
This employers liability insurance applies to bodily injury by accident or bodily injury by disease.
. . . . .
B. We Will Pay
We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.
. . . . .
C. Exclusions
This insurance does not cover:
. . . . .
5. bodily injury intentionally caused or aggravated by you.

. . . . .
(Emphasis added)
The rules for interpreting a contract are found in La.C.C. art. 2045 et seq. Although a contract of insurance must provide the minimum amount of coverage required by statute, the parties may contract for additional coverage, if such coverage is not against good public policy. A contractual provision is null if it violates a rule of public order. La.C.C. art. 2030. The general rules for interpreting contracts of insurance have been set forth in Pareti v. Sentry Indemnity Company, 536 So.2d 417, 420 (La.1988), as follows:
There are certain elementary legal principles which apply to the interpretation of insurance policies. An insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties.... If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written....
An insurance contract is to be construed as a whole, and one portion thereof should not be construed separately at the expense of disregarding another.... If there is an ambiguity in a policy, then that ambiguity should be construed in favor of the insured and against the insurer.... However, courts have no authority to alter the terms of policies under the guise of contractual interpretation when the policy provisions are couched in unambiguous language. [Citations omitted.]
Further, courts should not strain to find coverage where none exists. Cell-O-Mar, Inc. v. Gros, 479 So.2d 386 (La.App. 1st Cir.1985), writs denied, 481 So.2d 1332 and 1333 (La.1986). Whether a contract is ambiguous or not is a question of law. Borden, Inc. v. Gulf States Utilities Company, 543 So.2d 924 (La.App. 1st Cir.), writ denied, 545 So.2d 1041 (La.1989); Aycock v. Allied Enterprises, Inc., 517 So.2d 303 (La.App. 1st Cir.1987), writs denied, 518 So.2d 512, 513 (La.1988).
Generally, an insurer's obligation to defend suits against its insured is broader than its liability for damage claims. An insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Meloy v. Conoco, Inc., 504 So.2d 833, 838 (La.1987); Cute'-Togs of New Orleans, Inc. v. Louisiana Health Service & Indemnity Company, 386 So.2d 87, 89 (La.1980); American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253, 259 (1969); Mattingly v. State, Department of Health and Human Resources, 509 So.2d 82, 84-85 *209 (La.App. 1st Cir.), writ denied, 512 So.2d 461 (La.1987). Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, an insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Cute'-Togs of New Orleans, Inc. v. Louisiana Health Service & Indemnity Company, 386 So.2d at 89; American Home Assurance Company v. Czarniecki, 230 So.2d at 259; Dietrich v. Travelers Insurance Company, 551 So.2d 64, 67 (La.App. 1st Cir.1989), writ denied, 559 So.2d 121 (La.1990); Mattingly v. State, Department of Health and Human Resources, 509 So.2d at 84. An insurer's duty to defend arises whenever the pleadings against the insured disclose a possibility of liability under the policy. Meloy v. Conoco, Inc., 504 So.2d at 839. If an insurer breaches its obligation to defend its insured, it is liable in damages for the attorney fees and costs the insured incurs in defending the suit. Dugas Pest Control of Baton Rouge, Inc. v. Mutual Fire, Marine and Inland Insurance Company, 504 So.2d 1051 (La.App. 1st Cir.1987).
The Marshalls' original petition for damages against Lowe states the following:
X.
Petitioner avers that the defendant Leon Lowe & Sons, Inc. is liable unto petitioner, pursuant to the legal theory of intentional tort due to their failing to provide a safe work environment for Timothy Marshall when they knew that physical harm in the form of the attack by Michael Jenkins was substantially certain to occur and they failed to take any measures to warn Timothy Marshall or to protect against or prevent the attack. (Emphasis added)
The Marshalls' amending petition states the following:
Petitioners desire to supplement and amend Paragraph V of the original petition to read as follows:
"V.
The aforesaid incident occurred on the work premises of Leon Lowe & Sons, Inc. at a time when both Michael Jenkins and Timothy Marshall were working in the employ of Leon Lowe & Sons, Inc. Accordingly, Leon Lowe & Sons, Inc. is vicariously liable for the actions of Michael Jenkins pursuant to the legal theory of respondeat superior." (Emphasis added)
Hartford contends that Lowe and its employees are considered insureds under the provisions of its policy. It contends that intentional torts of the insureds are excluded from coverage under the policy, and its policy does not provide coverage for the claims asserted against Lowe by the Marshalls. On the other hand, Lowe contends that only it, not its employees, is an insured under the Hartford policy. It contends that the Hartford policy does not exclude coverage for Lowe's vicarious liability for the intentional acts of its employees.
The general provisions of the policy define who is insured as follows:

You are insured if you are an employer named in item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.
(Emphasis added)
On the information page in item 1 (entitled named insured and mailing address), Leon Lowe & Sons, Inc., Route 5, Box 54, Slidell, Louisiana, 70460 is inserted. Lowe contends that "you" as used in exclusion number five applies only to it (the corporation) and not to its employees. On the other hand, Hartford contends that "you" includes Lowe and its employees.
It is well-settled that "you" as defined in the present case does not include employees of Lowe (the corporation) which is the *210 named insured. Bryant v. Protective Casualty Insurance Company, 554 So.2d 177 (La.App. 2nd Cir.1989), writ denied, 558 So.2d 1129 (La.1990); Rodriguez v. Continental Casualty Company, 551 So.2d 45 (La.App. 1st Cir.1989); Pierron v. Lirette, 468 So.2d 1305 (La.App. 1st Cir.1985); Morris v. Mitchell, 451 So.2d 192 (La.App. 1st Cir.1984); United States Fidelity & Guaranty Company v. Southern Farm Bureau Casualty Insurance Company, 285 So.2d 574 (La.App. 4th Cir.1973). Thus, Michael Jenkins, as an employee of Lowe, is not an insured under the Hartford policy. Lowe is the only insured under the policy.
It is clear from a reading of exclusion number five that the Hartford policy excludes coverage for Lowe's alleged intentional tort under the facts recited in the Marshalls' original petition. In this instance, the bodily injury was alleged to have been intentionally caused or aggravated by Lowe (you).
The Marshalls' amending petition seeks to hold Lowe vicariously liable for the intentional tort of Jenkins, its employee. An employer is vicariously liable under general tort law for the injury-causing acts of an employee, whether the acts are negligent or intentional. An employer is likewise vicariously liable for the intentional acts of an employee causing injury to a co-employee. Jones v. Thomas, 426 So.2d 609 (La.1983). Thus, Lowe may be held vicariously liable for the intentional acts of Jenkins against Marshall.
Public policy forbids a person from insuring against his own intentional acts, but does not forbid him from insuring against the intentional acts of another for which he may be vicariously liable. Swindle v. Haughton Wood Company, Inc., 458 So.2d 992 (La.App. 2nd Cir.1984); McBride v. Lyles, 303 So.2d 795 (La.App. 3rd Cir. 1974); Baltzar v. Williams, 254 So.2d 470 (La.App. 3rd Cir.1971). Lowe was not precluded by public policy from insuring against the intentional acts of its employees for which it may be vicariously liable.
The Hartford policy does not exclude coverage for Lowe's alleged vicarious liability for the intentional acts of Jenkins. These alleged intentional injuries to Marshall were not caused or aggravated by Lowe (you). See Baltzar v. Williams, 254 So.2d at 472; Rivers v. Brown, 168 So.2d 400 (La.App. 3rd Cir.1964), writ denied, 247 La. 250, 170 So.2d 509 (1965); 15 W. McKenzie and H. Johnson, Louisiana Civil Law Treatise: Insurance Law and Practice, Sections 164 and 184, pp. 289 and 317 (West 1986); W. McKenzie and H. Johnson, Insurance Law, Developments in the Law, 1986-1987, 48 La.L.Rev. 293, 294 (1987).
The trial court found that Hartford had an obligation to defend Lowe in the Marshalls' suit because coverage was not unambiguously excluded by the allegations of the Marshalls' original and amending petitions. After a review of the record, we conclude that the trial court was correct as a matter of law.
This assignment of error is without merit.[6]

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Hartford is taxed with the cost of this appeal.
AFFIRMED.
NOTES
[*] Judge Mary Ann Vial Lemmon of the 29th Judicial District Court is serving as Judge pro tempore by special appointment of the Louisiana Supreme Court to fill the vacancy created by the illness and subsequent death of Judge Steve A. Alford, Jr.
[1] Lowe's original and amending petitions sought a declaratory judgment on the obligations of Great American and Hartford to defend it under the provisions of the insurance policies and sought damages for breach of the obligations to defend. Thus, Lowe's petitions cumulate actions for declaratory judgment and for damages for breach of an insurance contract. Neither Great American nor Hartford filed a dilatory exception raising the objection of improper cumulation of actions and, therefore, waived this procedural defect. La.C.C.P. arts. 926 and 928. The trial court rendered judgment awarding Lowe damages for Hartford's breach of its obligation to defend. This made the declaratory judgment action meaningless. This suit was decided as an ordinary action for damages for breach of contract.
[2] This tort suit was filed in the 22nd Judicial District Court under suit number 86-11739.
[3] Only Lowe and Hartford took part in the hearing on the motions for summary judgment. The trial court only ruled on the motions for summary judgment which dealt with Hartford's obligation to defend. The trial court judgment is rendered against Hartford only. The record does not disclose what action, if any, was taken on Great American's motion for summary judgment.
[4] The trial court judgment only addresses the claims between Lowe and Hartford. Therefore, Great American is not involved in this appeal.
[5] On February 24, 1988, by amending petition, Great American and Hartford were added as parties defendant in the Marshalls' suit.
[6] Hartford did not assign error to the amount awarded by the trial court.