609 So.2d 1089 (1992)
Peggie J. KRIDER, et vir., Plaintiffs-Appellees,
v.
John H. DIXON, Defendant-Appellee.
No. 24,205-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1992.
Roland V. McKneely, Jr., Bossier City, for plaintiffs-appellants.
Cook, Yancey, King & Galloway by Sidney E. Cook, Jr., Shreveport, for defendant-appellee.
Before SEXTON, VICTORY and STEWART, JJ.
STEWART, Judge.
Plaintiffs appeal the trial court's grant of summary judgment in favor of defendant, Hartford Accident and Indemnity Company. We affirm.

FACTS
On April 12, 1985, a van driven by John Dixon rear-ended a car driven by Peggie Krider on Barksdale Air Force Base. The van was owned by Dixon's employer, Barksdale Air Force Base NCO Club. Dixon was intoxicated. Dixon was insured by Hartford Accident and Indemnity Company under a policy of liability insurance.
Plaintiffs, Peggie and William Krider, sued Dixon and Hartford in the state district court for compensatory and exemplary damages. Plaintiffs also sued the United States of America in federal court for compensatory damages. The federal court found that Dixon was in the course and scope of his employment at the time of the collision, that plaintiffs were injured as a result of Dixon's fault, and ordered judgment in favor of plaintiffs. The government paid that judgment.
Hartford moved for summary judgment, asserting that (1) its liability policy excluded from coverage the "business use" of a van, (2) the claim was extinguished by payment, and (3) the claim is barred by res judicata. The trial court found that the policy's "business use" exclusion applies to these facts, granted Hartford's motion for summary judgment, and dismissed the suit with prejudice as to Hartford. Plaintiffs appeal, asserting that the trial court erred in giving effect to the "business use" exclusion because it violates public and statutory policy. Finding no genuine issue of material fact and no error of law, we affirm.

DISCUSSION
In their first two assignments of error, plaintiffs argue that the trial court erred in giving effect to the "business use" exclusion of the Hartford policy because it violates public and statutory policy and is therefore unenforceable.
*1090 The language of the policy exclusion reads as follows:
EXCLUSIONS
A. We do not provide Liability Coverage for any person:
7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:
a. private passenger auto;
b. pickup, panel truck or van that you own; or
c. trailer used with a vehicle described in a. or b. above.
The parties agree that Dixon was operating a government owned vehicle while in the course and scope of his employment. The trial court properly determined that the instant facts fall within the business use policy exclusion.
An insurance policy is a contract, and those rules established for the construction of written instruments apply to contracts of insurance. Benton v. Long Manufacturing N.C., Inc., 550 So.2d 859, 860 (La.App. 2d Cir.1989); Lindsey v. Poole, 579 So.2d 1145 (La.App. 1st Cir. 1991). When the language in an insurance contract is clear and unambiguous the agreement must be enforced as written. Central Louisiana Electric Co. v. Westinghouse, 579 So.2d 981 (La.1991); Pareti v. Sentry Indemnity Co., 536 So.2d 417 (La.1988). Absent a conflict with law or public policy, insurers are entitled to limit their liability and impose reasonable conditions upon the obligations assumed in a given policy. Hartford Accident and Indemnity Co. v. Joe Dean Contractors, Inc., 584 So.2d 1226, 1229 (La.App. 2d Cir. 1991).
[T]he business use of a vehicle creates a higher risk than personal use, and presumably requires higher premiums.... [O]ur courts have consistently recognized the "business use" exclusions of liability policies. Redden v. Liberty Mutual Insurance Company, 327 So.2d 474 (La. App. 2d Cir.1976), writ denied, 331 So.2d 495 (La.1976); Lee v. Allstate Insurance Company, 274 So.2d 433 (La.App. 1st Cir.1973).
Morris v. American Surety & Fidelity Insurance Company, 573 So.2d 1227, 1230 (La.App. 4th Cir.1991). Where the policy excludes a specified risk rather than excluding omnibus permissive users, there is no conflict with the compulsory insurance laws of this state. Id.
As stated in Lee v. Allstate Insurance Co., 274 So.2d 433 (La.App. 1st Cir.1973),
The insurer is not undertaking by its policy to extend coverage to their policyholder while he is driving someone else's car in his business or occupation since the responsibility for providing insurance coverage should rest with the insured's employer or other person for whose benefit the business was being conducted.
In Redden v. Liberty Mutual Insurance Co., 327 So.2d 474 (La.App. 2d Cir.1976), writ denied, 331 So.2d 495 (La.1976), this court affirmed summary judgment regarding a policy exclusion similar to that in the instant case. The trial court had found that the policy excluded liability coverage when the insured had a collision while driving a non-owned vehicle, on a one time basis only, for pay.
In the instant case, plaintiffs sole argument regarding the "business use" exclusion in the policy is that it violates public policy as expressed in the Louisiana Motor Vehicle Safety Responsibility Law (LSA-R.S. 32:852 et seq.). Plaintiffs provide no statutory or jurisprudential support for the proposition that a United States government employee's personal insurer must, as a matter of public policy, insure a vehicle owned by the United States. Accordingly, we are not persuaded by the cases cited in support of this argument. These assignments have no merit.
Plaintiffs' final assignment is that the trial court erred in granting Hartford's motion for summary judgment. Summary judgment is provided for by LSA-C.C.P. art. 966. The law is well settled regarding the proper use of summary judgment. For a detailed analysis, see Dunn v. FMC Corporation, 589 So.2d 1115 (La.App. 2d Cir. *1091 1991); Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981).
The facts are undisputed. The sole issues before the trial court were matters of law which the trial court resolved without error. Because we find no error in the trial court's judgment, we need not address the other arguments raised in brief. Accordingly, we affirm the summary judgment granted by the trial court at appellants' costs.
AFFIRMED.