611 So.2d 838 (1992)
Ann O. CINQUEMANO
v.
Steven UNDERWOOD, et al.
Nos. 92-CA-0473, 92-C-0415.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1992.
Rehearing Denied February 12, 1993.
*839 Joseph F. Lahatte, Jr., Allen D. Kincannon and John Bolgona Krentel, New Orleans, LA, for plaintiff-appellee Ann O. Cinquemano.
John B. Peuler, Martha W. Lowe, McAlpine, Peuler, Cozad & Davie, New Orleans, LA, for defendants-appellants Benson Chevrolet Co., Inc. and American Hardward Mut. Ins. Co.
Before KLEES, LOBRANO and JONES, JJ.
KLEES, Judge.
Defendants Benson Chevrolet, Inc. ("Benson") and American Hardware Insurance Company ("American") appeal the trial court's ruling denying their motion for summary judgment and granting the motion for summary judgment brought by plaintiff, Ann Cinquemano. We affirm.
Plaintiff was injured in an auto accident on November 21, 1989. The other vehicle involved in the accident was owned by Benson, a car dealership, and was being driven at the time by Steven Underwood, an employee of Kenner Car Cleaners. Kenner Car Cleaners provided cleaning and detailing services for the Benson vehicles. At the time of the accident, the vehicle in question was being returned to Benson from Kenner Car Cleaners after it had been cleaned.
As a result of the accident, plaintiff sued Steven Underwood, Kenner Car Cleaners, Reliance Insurance Company (the liability insurer of Kenner Car Cleaners), Benson and American (Benson's insurer). After filing suit, plaintiff settled with Steven Underwood, Kenner Car Cleaners and Reliance Insurance Company for $450,000. Plaintiff continues to pursue her claim against defendants Benson and American.
On December 13, 1991, the trial judge heard cross motions for summary judgment filed by plaintiff and defendants. Defendants contended that the policy issued by American to Benson excludes coverage for the accident in question. Plaintiff contended that coverage is not excluded by the language of the policy, and alternatively, that the exclusion violates public policy as expressed in the Louisiana Compulsory Motor Vehicle Liability Security Act. The trial court denied defendants' motion and granted plaintiff's, holding that the American policy "does not exclude coverage to Steven Underwood as the driver of the Benson owned vehicle at the time of the accident sued upon herein."
Defendants sought writs in this court, and also suspensively appealed the judgment. We ordered that defendants' writ application be consolidated with the appeal.
On appeal, the issue is whether the automobile "business use exclusion" found in the American policy excludes from coverage an employee of Kenner Car Cleaners driving the vehicle back to Benson after cleaning it. We agree with the trial court that it does not.
The policy language relied upon by defendants specifically excludes from coverage "someone using a covered auto while he or she is working in the business of selling, servicing, repairing, parking or storing autos, unless that business is your [Benson's] garage operations." The first question is whether the term "servicing" should be interpreted to include the cleaning or detailing of cars. Defendants contend that it should, relying primarily on jurisprudence from other states indicating that this particular exclusion, which focuses on the occupation of the person driving the vehicle, is the broadest of three possible types of "business use" exclusions commonly found in insurance policies. In one case cited by defendants, a federal court in Missouri found that the term "servicing" does include the detailing or cleaning of cars. United Fire and Casualty Co. v. New Hampshire Ins. Co., 684 F.Supp. 1030 (W.D.Mo.1988).
Plaintiffs argue that cleaning or detailing of cars is not excluded from coverage in the absence of specific language referring to these activities. Plaintiff relies upon Wilks v. Allstate Ins. Co., 177 So.2d 790 (La.App. 3rd Cir.1965), wherein the court held that coverage was not precluded by a business use exclusion for an accident that occurred while the insured's vehicle *840 was being driven with the insured's permission by the employee of a service station to be washed and filled with gas. In that case, the policy excluded from coverage an owned vehicle "while used in the automobile business," with "automobile business" defined as the business of "selling, repairing, servicing, storing or parking automobiles." Id. at 791. Plaintiff emphasizes that the instant situation presents a stronger case for coverage than one involving a personal liability policy, because Benson is a commercial establishment in the business of selling automobiles, and the periodic cleaning and detailing of those vehicles is an expected part of Benson's business. If American had intended to exclude these activities from coverage, it could have used the terms "cleaning" or "detailing" in the policy.
Exclusionary provisions in an insurance contract are to be strictly construed against the insurer, and any ambiguity will be construed in favor of the insured. Equivocal provisions seeking to narrow the insurer's obligation are strictly construed against the insurer, since these are prepared by the insurer and the insured has no voice in the preparation. If the language of an exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied. Garcia v. St. Bernard Parish School Bd., 576 So.2d 975, 977 (La.1991). (Citations omitted.) In view of this law, we find that the "servicing" of vehicles as used in the exclusion in question refers to service incidental to repairing vehicles, not to the cleaning or detailing of them. Keeping vehicles clean is an ordinary and foreseeable part of Benson's business, and to exclude this activity from coverage under a commercial garage liability policy, American would have had to use more specific terms than those found in the policy herein. We therefore find that the trial court was correct in holding that full coverage under the policy was available to Steven Underwood.
Moreover, even if the language of the policy were interpreted to exclude coverage under these circumstances, such an exclusion would clearly violate the Louisiana Compulsory Motor Vehicle Liability Security Law, R.S. 32:861, et. seq., which provides that an owner's policy of liability insurance "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured...." R.S. 32:900(B)(2). We have already held in Rudison v. Richard, 526 So.2d 369 (La.App. 4th Cir.1988), that an automobile business use exclusion such as the one involved herein is unenforceable because it violates public policy as expressed in the statute. See also: Louisiana Farm Bureau Casualty Ins. v. Darjean, 554 So.2d 1376 (La.App. 1st Cir. 1989); Arnaud v. Commercial Union Ins. Co., 594 So.2d 992 (La.App. 3rd Cir.1992). We are unimpressed with defendants' argument that Rudison and its progeny were wrongly decided.
We are also unimpressed by defendants' contention that if the exclusion were found to be in conflict with the compulsory insurance law, the policy should be "reformed" to provide coverage only to the extent of the minimum amount required by law, rather than full coverage according to the limits defined in the policy. See Arnaud v. Commercial Union Ins. Co., supra. We disagree with our colleagues on the Third Circuit on this issue. We think the better reasoned approach is that when a business use exclusion is invalidated by the compulsory insurance law, coverage is available for the permissive user up to the full limits of the policy, just as if the insured had been driving the vehicle. This result comports with the intent of the compulsory insurance act to provide at least the same coverage to non-named permissive users as is provided to the named insured. See Morris v. American Surety & Fidelity Ins. Co., 573 So.2d 1227, 1230 (La.App. 4th Cir.1991). Therefore, the result is the same whether we hold that the exclusion does not apply to cleaning and detailing, or we invalidate the exclusion as being against public policy.
*841 Accordingly, for the reasons given, we affirm the judgment of the trial court.
AFFIRMED.