GAUDIN, Judge.
This is an appeal from a judgment which amended and revised an automobile insurance policy. The decree in effect invalidated a business use exclusion and then lessened the policy limits to the statutory minimum.
For the following reasons, we affirm that part of the judgment which in effect voided the business use exclusion but we set aside the reduction of policy limits to the statutory minimum, which is $10,000.00/$20,000.00. We remand for further proceedings.
Initially, we note that this case comes to us as a result of a judgment which is interlocutory in nature. The trial judge ruled on a motion for declaratory judgment or, in the alternative, a motion for partial summary judgment filed by an insurance company. The decree is not final except, of course, for the narrow issues ruled on which presumably would become, unless changed on appeal, the law of this case.
The instant three-vehicle chain collision occurred on April 26, 1988. The last car in the chain was a 1983 Mercedes Benz owed by Dr. Harold Karas, insured by State Farm Automobile Insurance Company and driven by Robert Mayer, an employee of Star Auto Service, Inc., where Dr. Karas had left his auto to be repaired. Mayer was test driving the Mercedes when the accident happened.
State Farm’s liability policy provided coverage up to $100,000.00 but it had a business use exclusion which stated that there was no coverage while any insured vehicle is “... being repaired, serviced or used by any person employed or engaged in any way in a car business.”
*1351 The trial judge, without giving reasons, found this exclusion unenforceable. We cannot say that this was error. In fact, State Farm on appeal concedes that the exclusion should be disregarded in accordance with Rudison v. Richard, 526 So.2d 369 (La.App. 4 Cir.1988), and other opinions. State Farm did strenuously contend, however, that its policy limits should be substantially reduced.
In reforming coverage to the statutory minimum, the trial judge was likely guided at least in part by Arnaud v. Commercial Union Insurance Company, 594 So.2d 992 (La.App. 3 Cir.1992), and cases cited therein.
In Cinquemano v. Underwood, 611 So.2d 838 (La.App. 4 Cir.1992), rehearing denied on February 12, 1993, writs denied by the Louisiana Supreme Court on May 7, 1993 (La. 1993), the Fourth Circuit said that when a business use exclusion is invalidated, coverage is available up to the full limits of the policy. The Fourth Circuit expressly disagreed with Arnaud v. Commercial Union Insurance Company, supra.
Although the Supreme Court denied writs in Cinquemano, it did so with some reservations. The Supreme Court stated, in a concurrence:
“The issue of the applicability of the exclusion was a single issue, not dispositive of the case and arguably not appropriate for summary judgment. While the decision of the court of appeal on that issue is the law of the case in that court, relator may rer-aise the issue in this Court on direct review after trial on the merits, if the judgment is adverse. Furthermore, the only holding of the court of appeal was that the exclusion did not apply. The discussion of the compulsory liability insurance law and of the amount of coverage upon application of that law was pure dicta.”
Thus, the Supreme Court has not ruled on the conflict between the Amaud and Cin-quemano cases regarding the extent of reformation of insurance policies once a business use exclusion is tossed out. We believe, however, that the Cinquemano approach, i.e., making insurance coverage available up to the full limits of the policy, is the more appropriate view for a trial court to take pending resolution of this issue by the Supreme Court.
We remand for further proceedings, with State Farm’s coverage reinstated at $100,-000.00. State Farm may argue the merits of this reinstatement on direct appeal to this court once final judgment is rendered in the 24th Judicial District Court.
Assessment of court costs is deferred.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.