637 So.2d 788 (1994)
Adolph PARKER
v.
AMERICAN GUARANTY & LIABILITY INSURANCE COMPANY, Antique Brick Company, and Chad Eschete.
No. 93 CA 1556.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
*789 Edward J. Cloos, III, Metairie, for plaintiff/appellant Adolph Parker.
Mr. Denis J. Gaubert, III, Thibodaux, for defendant/appellee Louisiana Ins. Guar. Ass'n and Chad Eschete.
Mr. George L. LaMarca, New Orleans, for intervenor/appellee Ins. Co. of North America.
Mr. René A. Pastorek, Gretna, for defendants/appellees American Guar. & Liability Ins. Co., Antique Brick Co., Inc. and Chad Eschete.
Before LOTTINGER, C.J., and CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
This is an appeal from a summary judgment dismissing plaintiff's suit against an insurer on the basis of a "business use" exclusion.

FACTS
On June 28, 1990, Chad Eschete was involved in a collision with a vehicle driven by plaintiff, Adolph Parker. At the time, Eschete was driving a truck owned by his employer, Antique Brick Company, during the course and scope of his employment.
Plaintiff subsequently filed a personal injury suit naming Eschete, Antique Brick, and its automobile liability insurer, American Guaranty & Liability Insurance Company, as defendants. Thereafter, in accordance with a settlement, the parties filed a motion for a partial dismissal of plaintiff's claims against Eschete, Antique Brick and American Guaranty to the extent of any liability under the American Guaranty policy, as well as to the extent of any liability of these parties not covered by insurance. Plaintiff specifically reserved rights against all these parties to the extent of any additional insurance coverage which might be applicable. The trial court signed an order granting the partial dismissal on July 29, 1991.
On October 10, 1991, plaintiff filed an amending petition alleging that Chad Eschete was insured at the time of the accident by a personal automobile liability policy issued to him by Fidelity Fire & Casualty Company. Due to Fidelity's insolvency, Louisiana Insurance Guaranty Association *790 (LIGA) was named as defendant. LIGA filed a motion for summary judgment on the basis of a business use exclusion in the Fidelity policy.
A hearing on LIGA's motion was scheduled for December 18, 1992. On the day before the hearing, LIGA filed the affidavit of Chad Eschete in support of its motion for summary judgment. At the hearing the following day, plaintiff objected to the trial court's consideration of the affidavit, arguing that it was filed untimely. The trial court overruled plaintiff's objection, but at the conclusion of the hearing stated that plaintiff would be allowed thirty days to file a contravailing affidavit. However, the trial court granted summary judgment dismissing plaintiff's suit eleven days later, on December 29, 1992. Plaintiff appealed.
ISSUES
1. Does a business use exclusion in a personal automobile liability policy which excludes coverage for liability incurred by the insured as the result of his use of his employer's vehicle, during the course and scope of his employment, conflict with public policy?
2. Whether the affidavit filed by LIGA on the day prior to the scheduled hearing was untimely?
3. Whether the trial court judgment was premature?
4. Whether the scope of the trial court judgment requires clarification?

BUSINESS USE EXCLUSION
An insurance policy is a contract, which constitutes the law between the parties. If the wording of the policy is clear and expresses the parties' intent, the policy must be enforced as written. This rule is applicable even to policy provisions which limit the insurer's liability or place restrictions on policy obligations, unless the provision conflicts with statutes or public policy. Pareti v. Sentry Indem. Co., 536 So.2d 417, 420-421 (La. 1988). Absent such a conflict, insurers are entitled by agreement with the insured to limit their liability and impose reasonable conditions upon the obligations assumed in a given policy. Krider v. Dixon, 609 So.2d 1089, 1090 (La.App. 2nd Cir.1992).
In this case, the exclusionary provision at issue in the Fidelity policy provides that:
A. We do not provide liability coverage for any person: ... (7) Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation.... This exclusion does not apply to the maintenance or use of: a) private passenger auto; b) pickup, panel truck or van that you [named insured] own....
This court considered the application of a similar business use exclusion in Lee v. Allstate Insurance Co., 274 So.2d 433 (La.App. 1st Cir.1973). In that case, the named insured's son, while driving a vehicle owned by a third person, was involved in a vehicular accident during the course and scope of his employment. In determining that the policy did not provide coverage because of the business use exclusion, this Court stated, in Lee, supra at 437:
The obvious rationale of the exclusion in the Allstate policy is found in precisely a situation such as we have before us. The insurer is not undertaking by its policy to extend coverage to their policy holder while he is driving someone else's car in his business or occupation since the responsibility for providing insurance coverage should rest with the insured's employer or other person for whose benefit the business is being conducted.
We do not agree with plaintiff's argument that this rationale conflicts with the compulsory liability insurance and omnibus coverage provisions provided by La.R.S. 32:861(A) and La.R.S. 32:900(B)(2), respectively. La.R.S. 32:861(A) requires that every motor vehicle registered in this state, with limited exceptions, shall be covered by an automobile liability policy with the minimum liability limits set forth in La.R.S. 32:900(B)(2).[1] La.R.S. 32:900(B)(2) requires *791 that automobile liability policies provide liability coverage to the named insured and any other person using a covered vehicle with the express or implied permission of the named insured. Neither of these provisions requires that a liability policy provide coverage to the named insured for all risks while driving a non-owned vehicle.
Further, these provisions are part of a comprehensive, statutory scheme. At the heart of this statutory scheme is the decision to attach the required financial protection to the vehicle rather than to the operator of the vehicle. Hearty v. Harris, 574 So.2d 1234, 1237 (La.1991). Thus, it is the responsibility of the registered owner of a vehicle to maintain the minimum liability coverage required by law for that vehicle. La.R.S. 32:861(A)(2) and La.R.S. 32:900(B). The insurer is not required to provide blanket coverage for all non-owned motor vehicles the insured may drive, and may reasonably limit coverage for non-owned vehicles without violating public policy. Gunn v. Automotive Cas. Ins. Co., 614 So.2d 154, 157-158 (La.App. 3rd Cir.1993).
In the instant case, the plaintiff argues it violates public policy for Eschete's personal automobile liability policy to exclude coverage for liability incurred while he was driving his employer's vehicle during the course of his employment. We do not agree. Although not at issue herein, Eschete's employer apparently provided liability coverage on the vehicle Eschete was driving, in compliance with the compulsory liability and omnibus coverage statutes. Further, the Fidelity policy would have afforded coverage to Eschete if he had been driving his own vehicle. We conclude that, as applied in this case, the Fidelity policy's business use exclusion is valid and violates neither statutory law nor public policy.[2]
As support for his position, plaintiff cites Stanfel v. Shelton, 563 So.2d 410 (La.App. 1st Cir.1990) and Louisiana Farm Bur. Cas. Ins. v. Darjean, 554 So.2d 1376 (La.App. 1st Cir.1989), writ denied, 558 So.2d 571 (1990), cases in which this Court refused to apply business use exclusions, holding they conflicted with compulsory liability insurance provisions. These cases are legally and factually distinguishable from the present case. The insurers in Stanfel and Louisiana Farm attempted to apply business use exclusions to deny coverage in situations where a covered vehicle (owned by the named insured) was involved in an accident while being driven by a permissive, third-party user in the course and scope of his employment. This Court held that the statutory provisions mandating compulsory liability insurance for all drivers who use the insured's vehicle with his permission must prevail over policy exclusions conflicting with the statute. In contrast, in the present case, the exclusion is not being applied to deny coverage for a vehicle owned by the insured or listed as a covered vehicle in the Fidelity policy. Under these circumstances, the exclusion does not conflict with the compulsory liability coverage provisions.

TIMELINESS OF AFFIDAVIT
Plaintiff contends the Eschete affidavit, which was filed in support of LIGA's motion, was not properly before the trial court and should not have been considered because it was filed the day before the hearing on LIGA's motion. This argument is meritless. Although La.C.C.P. art. 966 requires that a motion for summary judgment be served at least ten days before the hearing, this requirement does not extend to supporting affidavits filed by the mover. Rogers v. Parish of East Baton Rouge, 577 So.2d 1068 (La.App. 1st Cir.), writ denied, 580 So.2d 925 (1991).

*792 PREMATURITY OF SUMMARY JUDGMENT
Plaintiff argues the trial court committed reversible error in rendering judgment prematurely only eleven days after the date from which the court had granted plaintiff thirty days to file a contravailing affidavit. Although we agree the trial court erred in rendering judgment before the expiration of the thirty day period, we find the error was harmless under the circumstances herein. We note that in his brief to this Court, plaintiff does not indicate any specific factual disputes he would have established by contravailing affidavit if he had been allowed the full thirty days to do so. Further, the material facts contained in the Eschete affidavit (the affidavit to which plaintiff was given thirty days to respond) were facts which were either included in the allegations of plaintiff's own pleadings or were established by other supporting documents filed by LIGA. Accordingly, we conclude plaintiff was not prejudiced by this error.

CLARIFICATION OF JUDGMENT
Plaintiff's claim against LIGA was the only matter before the trial court pursuant to LIGA's motion for summary judgment. However, the language of the judgment states that it was rendered "in favor of LOUISIANA INSURANCE GUARANTY ASSOCIATION and against the plaintiffs, dismissing their suit with prejudice ..." This language is ambiguous, since it could be construed to dismiss plaintiff's suit in its entirety rather than merely plaintiff's claims against LIGA. Because of his reservation of rights against other defendants, plaintiff requests that this Court clarify the summary judgment to make it clear that the judgment only dismisses plaintiff's claims against LIGA. This argument has merit.

CONCLUSION
For the above reasons, we hereby amend the judgment of the trial court to provide that plaintiff's suit is dismissed only to the extent of plaintiff's claims against LIGA. The judgment of the trial court is affirmed in all other respects. Plaintiff is to bear all costs of this appeal.
AFFIRMED, AS AMENDED.
NOTES
[1] La.R.S. 32:861(A) also permits the requirements of the Louisiana Motor Vehicle Safety Responsibility Law, La.R.S. 32:851 et seq., to be met by three alternative methods, which are not applicable herein.
[2] We note that in Krider v. Dixon, 609 So.2d 1089 (La.App. 2d Cir.1992), the Second Circuit, in applying a business use exclusion virtually identical to the one herein, similarly concluded that the exclusion does not violate public policy. As in the present case, the insured in Krider was involved in an accident while he was driving his employer's vehicle during the course and scope of his employment. In Morris v. American Surety, 573 So.2d 1227 (La.App. 4th Cir.1991), the Fourth Circuit also held the application of a business use exclusion under such circumstances does not conflict with the compulsory insurance laws of this state.