UWHIPPLE, Judge.
In this case, we are asked to review the propriety of a trial court judgment holding a business use exclusion in an automobile liability policy invalid as being in violation of public policy. Finding no error in this determination, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff, Jessie Marcus, and his minor son were injured in an automobile accident with another vehicle driven by John F. Sanchez. At the time of the accident, Sanchez was driving his own vehicle but was acting within the scope of his employment with J & J Mechanical, Inc. (J & J). Suit was filed against Sanchez and his insurer, American Deposit Insurance Company (American), and J & J and its insurer, Hanover Insurance *1244 Company. American provided $100,000/$300, 000 of automobile liability coverage to Sanchez. Hanover provided $1,000,000 of automobile liability coverage to J & J.
The American policy contained a business use exclusion which excludes coverage for damages resulting from use of “the insured car, in any business other than an auto business.” Based on this provision, American denied coverage. .Hanover, J & J, and Sanchez filed a third party demand against American, claiming that the American policy provided coverage to Sanchez: Hanover, J & J, and Sanchez then filed a motion for deelar-atory/summary, judgment against American, contending that American’s business use exclusion was invalid as being in violation of public policy. Thereafter, American filed its own motion for a declaratory/summary judgment relying on the exclusion and, in the alternative, moved that its policy should be reformed to provide the minimum coverage permitted by law ($10,000/$20,000).
The trial court granted Hanover’s motion and denied American’s motion. The court found that the business use exclusion violated Louisiana statutory provisions and the legislative intent for compulsory liability coverage under LSA-jR.S.3 32:861. In reasons for judgment, the court stated that a business use exclusion contained in an insurance policy is contrary to public policy when applied to instances when a person is driving the insured vehicle in the course of his employment. As such, the court rendered judgment stating that the American policy provided the primary coverage for the damages in this case. The court later denied American’s motion on the issue of reformation, holding that when a business use exclusion is invalidated, coverage remains unchanged from the full policy limits.
American sought writs, which this court denied on August 22, 1997. American then applied for writs with the Supreme Court, which application was granted. On December 12, 1997, the Supreme Court remanded the case to this court for briefing, argument and opinion.
' On remand, it is uneontested that the business use exclusion is applicable under the facts of this case. Thus, the issue presented is' whether the business use exclusion in American’s policy of automobile insurance violates public policy under the Compulsory Motor Vehicle Liability Security Law, La. R.S. 32:861 et seq.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir. 6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La. 10/31/97); 703 So.2d 29. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, and is favored. LSA-C.C.P. art. 966(A)(2). The motion should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Sanders |4 v. Ashland Oil, Inc., 96-1751 at p. 5; 696 So.2d at 1034. Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 at p. 7; 696 So.2d at 1035.
There are certain elementary legal principles which apply to the interpretation of insurance policies. An insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties. If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Pareti v. Sentry Indemnity Company, 536 So.2d 417, 420 (La.1988). Further, policy provisions which limit the insurer’s liability or place restrictions on policy obligations should be enforced unless they conflict with statutes or public policy. Pareti v. Sentry Indemnity Company, 536 So.2d at 421.
Validity of the “Business Use” Exclusion
The American policy at issue herein contains the following exclusion:
We do not cover
[[Image here]]
*1245 (6) Bodily injury or property damage resulting from the operation, maintenance or use of any vehicle, including your insured car, in any business other than an auto business.
American argues that “business use exclusions” are not against public policy and have been recognized previously by this court, citing Parker v. American Guaranty & Liability Ins. Co., 93-1556 (La.App. 1st Cir. 5/20/94); 637 So.2d 788.
In Parker, this court did recognize the validity of a business use exclusion. However, the business use exclusion at issue in Parker applied to non-owned vehicles. Thus, the court addressed whether or not a defendant’s personal automobile insurer could exclude coverage for liability resulting from the insured driving his employer’s vehicle. This court concluded that an automobile liability insurer may reasonably limit coverage for business use of non-owned vehicles without violating |spublic policy. Thus, the Parker case is factually distinguishable from the case before us. Indeed, this court specifically noted that the insurance policy at issue therein would have afforded coverage to the defendant if he had been driving his own vehicle.[1] Parker, 93-1556 at p. 5; 637 So.2d at 791.
Moreover, in cases more factually similar to the instant matter, this court has refused to apply business use exclusions, holding they conflict with compulsory liability insurance provisions. See Stanfel v. Shelton, 563 So.2d 410 (La.App. 1st Cir.1990); Louisiana Farm Bureau Casualty Insurance Co. v. Darjean, 554 So.2d 1376 (La.App. 1st Cir. 1989), unit denied, 558 So.2d 571 (La.1990)
In Stanfel, a minor who was operating his mother’s vehicle to deliver pizzas caused an accident and resulting damages to Stanfel. Champion Insurance Company, the mother’s insurer, obtained summary judgment in the district court, relying upon an exclusion in the mother’s policy for “any automobile ... used in the course of [a defined insureds’] employment....” This court reversed, finding that the exclusion conflicted with the Louisiana Motor Vehicle Safety Responsibility Law, LSA-R.S. 32:851 et seq. Additionally, the court concluded that the statutory provisions mandating compulsory insurance for all drivers who use the insured’s vehicle with his permission must prevail over policy exclusions which conflict with the statute. Stanfel v. Shelton, 563 So.2d at 413.
In Darjean, Darjean Jr., while delivering Costello’s vehicle to the body shop where Darjean worked, caused an accident resulting in damages to Orgeron. Costello’s insurer obtained summary judgment in the district court, relying upon an exclusion in its policy for “any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage Rgarage or public parking place, with respect to any accident arising out of the operation thereof.” This court reversed, finding that the exclusion conflicted with the compulsory insurance law in that it attempted to exclude coverage for persons engaged in “a repair shop” business who operate the insured’s vehicle with his permission. Darjean, 554 So.2d at 1378.
In finding that the exclusion in Darjean conflicted with the compulsory liability insurance law, this court relied in part upon the Fourth Circuit’s opinion in Rudison v. Richard, 526 So.2d 369 (La.App. 4th Cir.1988). In Rudison, Williams took his vehicle to Richard’s Super Service to have the vinyl top removed and the top repainted. A mechanic caused damages while driving the vehicle over to Willie’s Auto Shop for the paint work.
GEICO, Williams’ insurer, sought review of the district court’s grant of summary judgment in favor of Williams' on the basis that GEICO’s exclusion was unenforceable as vio-lative of public policy. The disputed provision in the policy stated, ‘We do not cover an owned auto while used by a person (other than you or a relative) when he- is employed or otherwise engaged in the auto business.”
*1246 The Fourth Circuit affirmed the grant of summary judgment against GEICO, reasoning:
By Act 115 of 1977 the legislature amended Chapter 5 of Title 32 by adding a new part entitled ‘Compulsory Motor Vehicle Liability Security.’ La.R.S. 32:861, et seq. Section 861(A)(1) provides that ‘[e]very self-propelled motor vehicle registered in this state ... shall be covered by an automobile liability policy with liability limits defined by R.S. 32:900(B)(2)....’ Section 900(B)(2), as amended, provides that an owners policy of liability insurance ‘[sjhall insure the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured....’
* * * * * *
The purpose of a compulsory liability law is to protect and provide compensation to persons injured as a result of the motor vehicles operated in this state. Fields v. Western Preferred Cas. Co., [437 So.2d 344 (La.App. 2d Cir.) units denied, 440 So.2d 528 (La.1983) ]. By making reference to, and including R.S. 32:900(B)(2) as part of the compulsory law, we are of the opinion the legislature intended that, not only those persons named in the policy be insured, but also any other person who uses the vehicle with the permission of the owner. GEICO’s exclusion conflicts with this statutory mandate in that it 17excludes coverage for a certain group who drive the insured’s vehicle with the insured’s permission and who fall within the definition of those engaged in the ‘auto business.’
Rudison, 526 So.2d at 370-371.
However, in Morris v. American Surety & Fidelity Insurance Co., 573 So.2d 1227 (La. App. 4th Cir.1991), the Fourth Circuit has since upheld as valid a “course of employment” exclusion as applied to the insured for his use of his covered automobile.[2] In Morris, the insured automobile owner, while operating his vehicle to deliver pizzas, caused damages to another person. American Surety and Fidelity Insurance Co., the automobile owner’s insurer, obtained summary judgment in the district court, relying upon an exclusion in its policy stating, “We do not insure any car while it is being used for or in the course of your employment or occupation, unless you have told us the car is for business use, and you have paid the premium for business.” It was undisputed that the insured had neither informed American Surety that his vehicle was for business use nor had he paid the premium for business use.
The Fourth Circuit affirmed the summary judgment for American Surety, noting, in pertinent part:
First, the instant case does not involve use of the insured vehicle by a permissive user who was denied coverage. The subject policy’s insured risks are the same irregardless [sic] of who uses the vehicle.
Second, the business use of a vehicle creates a higher risk than personal use, and presumably requires higher premiums ....
IgThe terms of [American Surety’s] policy are clear and unambiguous. Villn-eurve’s vehicle was not insured for business, occupation or employment use. That exclusion was applicable to all users of the insured vehicle. We admit that the holding of Stanfel conflicts with our reasoning in this case. However, we believe that our brethren of the First Circuit misapplied *1247 the Rudison and Louisiana Farm Bureau decisions in reaching their result. Our decision in Rudison was intended to provide all permissive users of a vehicle with the same coverage as the insured, not to prohibit risk exclusions in a policy. Extending Stanfel to reasonable extremes would result in every auto liability policy being an ‘all risks’ policy. The insurer would be required to spread the costs of ‘all risks’ to every policy holder in the state regardless of the vehicle’s use. We do not believe the legislature intended such a result, and refuse to follow Stanfel.
We therefore hold that, under the facts of this case, where the policy excludes a specified risk rather than excluding omnibus permissive users, there is no conflict with the compulsory insurance laws of this state.
Morris, 573 So.2d at 1230.
We respectfully disagree with our brethren on the Fourth Circuit, and relying on this court’s previous opinions in Stanfel and Darjean, we conclude that the business use exclusion contained in American’s policy violates the Louisiana Motor Vehicle Safety Responsibility Law and, therefore, is contrary to public policy.
Coverage Amounts Afforded by the Policy
American further contends that if its insurance exclusion is unenforceable as violative of public policy, then the policy it issued to Sanchez ($100,000/$300,000 automobile liability coverage) should be “reformed” to provide the minimum coverage permitted by law ($10,000/$20,000), citing Mattingly v. State, Through Department of Health & Human Resources, 509 So.2d 82, 85-86 (La.App. 1st Cir.), writ denied, 512 So.2d 461, 462 (La.1987), and various decisions from the other circuits.
In Mattingly, this court was presented with a United States Fidelity and Guaranty Co. policy with bodily injury and property damage liability limits of $20,000,000 per occurrence, but subject to a $100,000 deductible. This court held that the deductible did not comply with the mandatory insurance laws, and accordingly, reformed the deductible to provide minimum coverage of $10,000 per |9person. Mattingly, 509 So.2d at 85-86. The case does not stand for the proposition that the instant $100,000/$300,000 policy must be converted to a $10,000/$20,000 policy if an exclusion contained therein is violative of public policy.
In Cinquemano v. Underwood, 611 So.2d 838, 840 (La.App. 4th Cir.1992), writ denied, 617 So.2d 909 (La.1993), the Fourth Circuit determined that where an exclusion contained in a policy is determined to be invalid, coverage under the policy is available- up to the full limits of the policy. We agree with this conclusion, finding coverage should be afforded in the amounts specifically selected by the parties to the insurance contract. Thus, we hold that the policy herein by American issued to Sanchez provides coverage in the amount of $100,000/$300,000.[3]
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court granting Hanover’s motion for summary judgment and denying American’s motion for summary judgment is affirmed. Costs of this appeal are assessed against American Deposit Insurance Company.
AFFIRMED.
FOIL, J., dissents and assigns reasons.

. There are other cases in the jurisprudence which are similarly distinguishable on the basis that the insurer was allowed to apply an exclusion for a non-owned vehicle. See Krider v. Dixon, 609 So.2d 1089 (La.App. 2nd Cir.1992); Redden v. Liberty Mutual Insurance Co., 327 So.2d 474 (La.App. 2nd Cir.), writ denied, 331 So.2d 495 (La.1976); Lee v. Allstate Insurance Co., 274 So.2d 433 (La.App. 1st Cir. 1973).

. The Louisiana Supreme Court has not yet made a pronouncement on the precise legal issue presented here to resolve the conflicts in the circuits, although it has granted writs in two cases factually on point. In Mayfield v. Imperial Fire and Casualty Ins. Co., 95-0046 (La.9/5/95); 659 So.2d 727, the Supreme Court held that a material issue of fact (whether the driver was operating the vehicle in the course and scope of his employment at the time of the accident) precluded summary judgment on the issue of whether the business use exclusion was applicable. The Court held that the lower courts were premature in reaching the issue of whether the exclusion violates public policy under our compulsory insurance law. The matter was thus remanded for further proceedings.
In another case on point, a majority of the Louisiana Supreme Court pretermitted consideration of whether business use exclusions are in violation of Louisiana's public policy, because it held that the exclusion in question did not preclude coverage. RPM Pizza, Inc. v. Automotive Casualty Insurance Company, 601 So.2d 1366 (La.1992).

. We likewise note that there is a split in the circuits on this issue. The Fourth Circuit has applied policy limits; the Second Circuit has applied the statutory minimum; and the Fifth and Third Circuits have not consistently ruled on the issue. See Cinquemano, 611 So.2d at 840 (policy limits); Fields v. Western Preferred Casualty Co., 437 So.2d 344, 346-347 (La.App. 2nd Cir.), writ denied, 440 So.2d 754 (La.1983) (statutory minimum); Williams v. Forbes, 94-640, p. 10 (La.App. 5th Cir. 1/18/95); 650 So.2d 337, 341 (statutory minimum); McCrossen v. Star Auto Service, Inc., 628 So.2d 1350, 1351 (La.App. 5th Cir. 1993) (policy limits); Threats v. Derousselle, 93-1047, p. 6 (La.App. 3rd Cir. 4/6/94); 636 So.2d 276, 280 (policy limits); Amaud v. Commercial Union Insurance Co., 594 So.2d 992, 995 (La.App. 3rd Cir.), writ denied, 604 So.2d 994 (La.1992) (statutory minimum).