2PER CURIAM.
This matter is before us on an application for supervisory writs wherein relator, Government Employees Insurance Company (GEICO), seeks review of the trial court’s denial of its motion for summary judgment (MSJ) based on a business use exclusion in its policy. Finding error, we grant the writ.
FACTS
Plaintiff, Amy S. Kinchen, filed suit seeking damages arising out of an automobile accident which occurred on October 31, 2000. Lenedray Lewis operated a Mack dump truck which was also involved in the accident and which was owned by Elmer M. Johnson. Plaintiff named Lewis as a defendant and alleged that he was operating the vehicle while in the course and scope of his employment with T ‘N’ T Trucking of Albany, Inc., with its permission. Plaintiff also named as defendants T ‘N’ T Trucking, Progressive Security In *38 surance Co. (insurer of the vehicle driven by Lewis), GEICO (Lewis’ personal automobile insurer), and Allstate Insurance Co. (plaintiffs UM insurer).
GEICO filed a MSJ, contending that Lewis, its insured, was using a non-owned auto in his business or occupation at the time of the accident and such use of a non-owned auto is specifically excluded under the GEICO policy at issue. GEICO relied on the policy, the petition and the deposition of Lewis for its MSJ; plaintiff and Lewis did not submit any depositions or affidavits in opposition to the MSJ. Section I of GEICO’s policy includes the following language:
EXCLUSIONS
When Section I Does Not Apply ...
8. A non-owned auto while maintained or used by any person is not covered while such person is employed or otherwise engaged in (1) any auto business; (2) any other business or occupation of any insured, except a private passenger auto used by you or your chauffeur or domestic servant while engaged in such other business.
| ^However coverage does apply to a non-owned private passenger auto used by you, your chauffeur or a domestic servant, while engaged in the business of an insured.
A “non-owned auto” is defined as “an automobile or trailer not owned by or furnished for the regular use of either you or a relative, other than a temporary substitute auto.” A “private passenger auto” is defined as a “four-wheel private passenger, station wagon or jeep-type auto.”
GEICO contends that the vehicle Lewis was operating at the time of the accident was owned by Johnson, and, therefore, it was a non-owned auto under the terms of the policy. While the exclusion does afford coverage if the insured is operating a non-owned auto that is a private passenger auto, the vehicle involved in this case was a Mack dump truck. GEICO also contends that Lewis’ deposition testimony establishes that Lewis was engaged in his occupation at the time the accident occurred.
The trial court denied the MSJ. From this ruling, GEICO seeks writs.
DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
Under the amended version of La. C.C.P. art 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support |4for one or more elements essential to the adverse party’s claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Malbrough v. Halliburton Logging Services, Inc., 97-0378, pp. 3 4 (La.App. 1 Cir. 4/8/98), 710 *39 So.2d 1149, 1150-51, writ denied, 98-1212 (La.6/19/98), 720 So.2d 1217.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Calhoun v. Hoffman-La Roche, Inc., 98-2770, p. 5 (La.App. 1 Cir. 2/18/00), 768 So.2d 57, 61, writ denied, 2000-1223 (La.6/23/00), 765 So.2d 1041.
In this case, there is no dispute of fact as to whether the vehicle Lewis was driving was a non-owned vehicle not furnished for his regular use. Additionally, while plaintiff alleged the lack of any formal employment relationship between Lewis and T ‘N’ T, Lewis’ deposition testimony clearly and indisputably established that Lewis was a truck driver, such that he was engaged in his occupation at the time the accident occurred. Lewis testified in his deposition that he had a commercial driver’s license with an expiration date of June 2, 2003, that his primary source of income was truck driving and warehouse management, and that his profession was truck driving. He reviewed his employment history, with much of it involving work as a truck driver. The accident occurred while Lewis was in the truck on his way to get a load of asphalt. Thus, the business use exclusion in GEICO’s policy is applicable in this case.
It must now be determined whether the business use exclusion in this case is valid. In Marcus v. Hanover Insurance Co., 98-2040, p. 2 (La.6/4/99), 740 So.2d 603, 604, the victims of an automobile accident brought an action against the insured and the automobile liability insurer to recover for injuries sustained in the accident while the insured was driving his personal car in the course and|Kscope of his employment. The supreme court invalidated the business use exclusion and held that the invalidation of the exclusion required the insurer to provide coverage up to the statutory minimum. Marcus, 98-2040 at p. 1, 740 So.2d at 604. The supreme court referred to this Court’s case of Parker v. American Guar. & Liability Ins. Co., 93-1556 (La.App. 1 Cir. 5/20/94), 637 So.2d 788, as follows:
The first and second circuits have held that another type of business use exclusion which excludes coverage for the use of any vehicle in any business or occupation except when the vehicle being used is a private passenger auto, or a truck or van owned by the insured is valid and does not conflict with the compulsory liability insurance laws. See Parker ....
98-2040 at p. 6, 740 So.2d at 607.
GEICO contends that while the supreme court invalidated the business use exclusion as to an insured operating his own vehicle while in the course and scope of employment in Marcus, its discussion of Parker indicates that a business use exclusion which excludes coverage for the use of a non-owned vehicle in any business or occupation, except when the vehicle being used is a private passenger auto, or a truck or van owned by the insured, is valid. GEICO also cites Dees v. National Sec. Fire & Cas. Ins. Co., 97-962 pp. 5-6 (La.App. 3 Cir. 2/11/98), 707 So.2d 137, 139-140, for its holding that there was no coverage under the policy at issue where the insured was operating a non-owned vehicle in the course of his occupation.[2] Because Lewis was operating a non-owned vehicle in this case, GEICO argues that *40 under Marcus and Parker, the exclusion is valid. GEICO points out that the exclusion in Parker contained language similar to the exclusion in this case.
In Parker, this Court considered its previous application of a similar business use exclusion in Lee v. Allstate Insurance Co., 274 So.2d 438 (La.App. 1 Cir.1973), where the named insured’s son, while driving a vehicle owned by a third person, was involved in a vehicular accident during the course and scope of his employment. Parker, 93-1556 at p. 3, 637 So.2d at 790. In determining that the policy did not provide coverage because of the business use exclusion, this Court in Lee found that an insurer is not undertaking by its policy to extend coverage to its policy holder while he or she is driving someone else’s car in his or her business or occupation since the responsibility for providing insurance coverage should rest with the insured’s employer or other person for whose benefit the business is being conducted. Parker, 93-1556 at pp. 3-4, 637 So.2d at 790. This Court in Parker then found that this rationale did not conflict with the compulsory liability insurance and omnibus coverage provisions, stating that the statutory provisions did not require that a liability policy provide coverage to the named insured for all risks while driving a non-owned vehicle. Parker, 93-1556 at p. 4, 637 So.2d at 790-791. This Court then reasoned that the statutory scheme intends that the required financial protection be attached to the vehicle rather than to the operator of the vehicle. Parker, 93-1556 at p. 4, 637 So.2d at 791. Thus, this Court added that it is the responsibility of the registered owner of a vehicle to maintain the minimum liability coverage required by law for that vehicle pursuant to La. R.S. 32:861(A)(2) and La. R.S. 32:900(B). Parker, 93-1556 at p. 4, 637 So.2d at 791. This Court concluded that the insurer is not required to provide blanket coverage for all non-owned motor vehicles the insured may drive, and may reasonably limit coverage for non-owned vehicles without violating public policy. Parker, 93-1556 at p. 4, 637 So.2d at 791. Similarly, in Marcus, the supreme court explained that the statutory scheme is intended to attach financial protection to the vehicle regardless of the purpose for which the vehicle is being operated. Marcus, 98-2040 at pp. 7-8, 740 So.2d at 608. Based on Marcus and Parker, the business exclusion involved in this case is valid.
Plaintiff and Lewis contend that the supreme court’s decision in Marcus declared the business use exclusion as against public policy and void as a matter of law, and that the Marcus holding is not limited to situations where the insured was driving his own vehicle. Plaintiff also relies on Ligeikis v. State Farm Fire and Casualty Co., 31,954 (La.App. 2 Cir. 10/27/99), 745 So.2d 806, writ denied, 1999-3335 (La.1/28/00), 753 So.2d 839. In Ligeikis, the insurer moved for a summary judgment based on the business use exclusion where the insured was driving a non-owned vehicle; the trial court denied the MSJ and the Second Circuit affirmed. Ligeikis, 31,954 at pp. 1-3, 745 So.2d at 808-809. The Second Circuit did consider and apply in part the rationale of the Marcus case. Ligeikis, 31,954 at p. 6, 745 So.2d at 810-811. GEICO argues that Ligeikis is not applicable to this case because the Second Circuit found that there was a genuine issue of material fact as to whether the driver of the van was in the course and scope of his employment at the time of the accident and because the Second Circuit applied South Dakota law to the inter *41 pretation of the policy. While GEICO is correct as to the Second Circuit’s findings, the court did analyze the South Dakota statute using Marcus because the language of the statute was virtually identical to the Louisiana statute. Ligeikis, 31,954 at p. 6, 745 So.2d at 810. However, unlike Ligeikis, in the case at bar, it is undisputed that Lewis was engaged in his occupation at the time of the accident.
CONCLUSION
The trial court erred in denying GEI-CO’s MSJ. GEICO’s evidence clearly showed that Lewis was engaged in his occupation as a truck driver at the time of the accident; thus, the business use exclusion applies. The supreme court’s recognition of the business use exclusion involving a non-owned vehicle in Marcus demonstrates that such an exclusion is valid. Therefore, the writ is ^granted, the judgment of the trial court denying the motion for summary judgment is reversed, the motion for summary judgment is granted, and judgment is entered in GEICO’s favor, dismissing plaintiffs petition as to it with prejudice.
WRIT GRANTED. REVERSED AND RENDERED.

. In Dees, the passenger of a car driven by the insured mechanic in the course and scope of his employment and not owned by him brought an action against the mechanic’s automobile liability insurer to recover for injuries. The court held that the mechanic’s personal automobile policy provided no coverage for the passenger's injuries based on an exclu *40 sion excluding coverage for any vehicle while it was being used for or in the course and scope of the insured’s occupation or employment. The Dees court applied the rationale of Parker to find that the exclusion was valid.